JOHN POWERS v. THE GOLDEN LUMBER COMPANY, ALEXANDER V. MANN, ENOCH REMICK, CALVIN DAVIS AND THE LUMBERMAN'S NATIONAL BANK OF MUSKEGON.

*Mortgages—Lien for redemption—Subsequent encumbrancers—Personal liability—Costs.*

A lien for redemption money is an independent equity, and not merely appurtenant to the mortgage held by a mortgagee who has redeemed; so that proceedings to enforce the lien may be taken before such mortgage matures and the discharge of the mortgage does not cut off the lien.

Any one who has any interest in mortgaged premises, or in any part of them, is entitled to redeem them from foreclosure, and he must redeem completely if at all.

A sale on statutory foreclosure satisfies the mortgage debt and releases the personal obligation to the extent of its proceeds; but a subsequent encumbrancer who redeems from it, thereby obtains such an interest in the land as will protect him, and later encumbrancers who are also benefited must not only repay the redemption money, but must pay his mortgage, and as the two claims are distinct, the liens therefor are not merged, and the payment of one cannot release the other.

A bill to enforce a lien for redemption from a mortgage can be filed at any time after the lien becomes fixed, and must bring in all subsequent liens or titles.

The liability of subsequent encumbrancers to a lien for the reimbursement of one who has redeemed from a foreclosure, is not

affected by the transfer or discharge of some intermediate lien, even though it be a mortgage held by the one who has redeemed from foreclosure.

A lien for redemption from foreclosure can only be satisfied by a payment or voluntary discharge.

A personal liability extinguished by statutory foreclosure is not revived by the creation of a lien for redemption therefrom where the land is sufficient to satisfy it. The lien is confined to the land and the declaration of personal liability in a decree for its enforcement is merely provisional, and the mortgagers cannot be compelled to pay it unless a deficiency arises.

Costs cannot be awarded to parties who have not appealed even 'though the decree is modified as to them.

Appeal from Oceana. Submitted April 22. Decided April 30.

Bill to enforce a lien for redemption from a mortgage and to foreclose against subsequent encumbrancers and purchasers. Defendants appeal.

*W. E. Ambler* and *Robert M. Montgomery* for complainant. A person who redeems from a mortgage becomes in equity an assignee of it and may enforce the lien thereof, *Mattison v. Marks* 31 Mich. 421; *Sager v. Tupper* 35 Mich. 134; *Lamb v. Jeffrey* 41 Mich. 719; Jones on Mortgages § 1086.

*Smith, Nims & Erwin* for defendants. When a mortgage has been discharged by foreclosure sale and redemption it cannot be again foreclosed, *Pardee v. Van Anken* 3 Barb. 534; *People v. Beebe* 1 Barb. 379; redemption extinguishes a mortgage, *Johnson v. Johnson* Walk. Ch. 334; *Garwood v. Eldridge* 1 Green. Ch. 145; Comp. L. §§ 6922-3; money paid to redeem enlarges the mortgage lien it was paid to protect, *Robinson v. Ryan* 25 N. Y. 320; *Burr v. Veeder* 3 Wend. 412; *Vaughn v. Nims* 36 Mich. 297; *Faure v. Winans* Hopk. Ch. 283; *Wright v. Langley* 36 Ill. 381; *Hill v. Eldred* 49 Cal. 339; *Miller v. Whittier* 36 Me. 577; *Reed v. Reed* 10 Pick. 400; *Page v. Foster* 7 N. H. 396; *Dale v. M'Evers* 2 Cow. 118;

*Brown v. Simons* 44 N. H. 477; Jones on Mortgages §
358; 2 Dan. Ch. Pr. 1244, *n.*

CAMPBELL, J. Powers filed a bill for the purpose of
enforcing his rights to reimbursement under the redemp-
tion of a mortgage, and also to enforce a mortgage of
his own against the defendants, who were subsequent
encumbrancers and purchasers. Powers held a mortgage
on which at the date when his bill was filed there were
no arrearages, but an installment was to become due on
the 1st of November, 1877, the bill being filed October
11, 1877. · A previous mortgage covering the lands on
which he held his security had been foreclosed under the
statute in 1876, and the time of redemption would have
run out July 15, 1877. Powers redeemed this on the
6th of July, 1877.

After his bill was filed his mortgage was paid, and
he discharged it. But inasmuch as no payment was
made beyond this he procured a decree for the enforce-
ment of his lien for the redemption money paid to get
rid of the statutory foreclosure.

·An appeal is taken from this decree on the grounds,
*first,* that the bill was prematurely filed; and *second,* that
the discharge of his mortgage cut off his lien for the
redemption money. Both of these claims are put on the
same basis, which is the assertion that the lien for the
redemption money was a mere appurtenance to the mort-
gage, and not an independent or separate equity.

This view is not in our opinion entitled to any weight.
The principles underlying the rights of parties in mort-
gage matters are too elementary to require extended con-
sideration. Any one who has any interest whatever in
the mortgaged premises, or in any part of them, whether
absolute or qualified, has a right of redemption, and
must, if he redeems at all, redeem completely. If Powers
had, instead of holding a mortgage on all the land, been
absolute owner of a parcel of the tract regularly sold as
an entirety, he could not under the statute have redeemed

less than some entire parcel sold separately on the fore-closure, but he would have had a right to redeem the whole, and enforce his lien on so much of the parcel as he did not previously own.    In such a case it is obvious that his title to reimbursement for the payment beyond what protected his own share, could not depend on what he should subsequently do with his original estate. While a sale on statutory foreclosure satisfies the debt secured by the foreclosed mortgage to the extent of the proceeds of the sale, and thus far releases the personal obligation, yet any party redeeming gets such an interest in the land as is necessary to protect him. And if he is a subsequent encumbrancer, who has advanced the money to protect his security, the redemption creates no merger of liens, but those who stand later in the order of title or security must pay the redemption money which he advances for the benefit of their titles, as well as his mortgage which made the advance necessary.    These two claims are separate and distinct, and paying one cannot, in good sense or reason, have any effect to release the other.

Powers had a right to file his bill to enforce his redemption lien at any time after that lien became fixed. A bill to enforce it would have been defective unless it had brought in all the subsequent liens and titles.    1 Dan. Ch. Pr. 261 et seq.    The fact that his own mort-gage had not yet become payable did not make it any the less a security involved in the enforcement of this lien, and necessary to be disposed of on a final redemp-tion or foreclosure.    Its subsequent payment did not lessen the amount unpaid on the lien which was superior in time.    The money paid on the statutory redemption was a separate payment to the benefit of all existing claims, which would have been destroyed had the fore-closure become absolute.    It cannot concern the liability of these subsequent claims to be subjected to the lien that some other intermediate lien has been transferred or discharged.    It cannot hurt them if the holder of this

lien allows a part of his liens to be discharged instead of requiring payment of the whole, any more than if he had accepted part payment on an ordinary mortgage and given time on the rest, or accepted payment of one of two successive mortgages and retained the other. *Baker v. Pierson* 6 Mich. 522.

. Nothing can relieve the land of complainant's lien except its payment or voluntary discharge.

We think the decree directing a sale and foreclosure is valid and should be affirmed. No decree can be made personally against Remick and Davis [the original mortgagers] for any deficiency, as the lien is confined to the land and does not revive their personal liability extinguished by the statutory foreclosure. The setting forth of such a liability in the decree is always merely provisional, and until a deficiency arises, and they are called in to answer for it, Remick and Davis could not be bound to pay it even if responsible. They have not appealed, and therefore no costs can be awarded to them for the error. But the decree should be modified in this respect, so as to prevent any future complications. The parties appealing were not concerned in that part of the decree.

The decree must be affirmed except as to so much of it as sets forth a personal liability in Remick and Davis, and must be modified so as to leave out any such provision. The time of sale may be fixed at any time after the first of August next, and notices may be given at any time after the 10th of June, if payment is not made sooner. Complainant is entitled to his costs in this court against the appealing parties.

The other Justices concurred.