HATTIE M. MOORE v. WILBUR W. SMITH.

*Mortgage—Foreclosure—Redemption—Right to assignment—Tender —Estoppel.*

1. The dower and homestead rights of a wife in land mortgaged by the husband before the marriage, and afterwards occupied by the parties as a homestead, entitle the wife to redeem from a statutory foreclosure of the mortgage, and to all of the benefits of an assignment of the mortgage.

2. Where a party entitled to redeem from the statutory foreclosure of a mortgage is prevented from securing the money necessary to make a tender of the amount due by the action of the

mortgagee, the mortgagee is estopped from objecting to the filing of a bill to redeem without making a tender.

3. While a sale on the statutory foreclosure of a mortgage satisfies the mortgage debt to the extent of the proceeds of the sale, and to this extent releases the personal obligation, yet a party redeeming from the sale secures such an interest in the land as is necessary to protect him; citing *Powers v. Lumber Co.*, 43 Mich. 471.

Appeal from Kent.     (Adsit, J.)     Argued January 18. 1893.     Decided March 10, 1893.

Bill to redeem from a statutory foreclosure.     Defendant appeals.     Decree modified and affirmed.     The facts are stated in the opinion.

*Maynard & Chase* (*E. A. Maher*, of counsel), for complainant.

*Sweet & Perkins*, for defendant.

LONG, J.     George I. Moore, in his lifetime, was the owner of the premises covered by the mortgage in controversy in this proceeding.     He caused a dwelling-house and barn to be built upon the premises in 1887, under contract for $1,500 with his son-in-law, the defendant.     On the completion of the buildings, there remained due to the defendant on the contract, as is claimed by him, the sum of $450, for which Mr. Moore gave him a mortgage on the premises, July 3, 1888, the same being recorded December 11, 1888.     January 14, 1889, George I. Moore and the complainant were married.

Complainant alleges by her bill that, previous to her marriage with Moore, she was informed by him that these premises, which are the homestead of the parties, were unincumbered, and that she should have a home there as long as she lived.     Moore separated from the complainant in June, 1890, and took up his abode with his son-in-law,

Smith, and continued to live with him until he (Moore) died, November 3, 1891.

August 1, 1890, Smith commenced a statutory foreclosure of the mortgage on this homestead, where complainant still continued to live after Moore left her. It is alleged by the bill that Smith and complainant's husband entered into a conspiracy to defraud her of her rights in the premises, and to this end the notice of foreclosure was published in an obscure village paper, having only a local circulation, though the premises are situated in the city of Grand Rapids, in order that the complainant should have no knowledge of it until the statutory period of redemption should expire. The complainant, having learned of the sale under this notice, claims to have made application to defendant for an assignment of his interest in the homestead thereby acquired, upon payment to him of the amount for which he bid off the same, with interest from date of sale, but that the defendant and Moore denied that she had any rights in the premises which entitled her to an assignment, and claimed that all the right she had was to redeem from the sale. She alleges that she had no means to redeem from the sale except as she could borrow the same on the premises, and that, without an assignment from defendant, she was wholly unable to do this, though the premises are claimed to be of the value of at least $3,000.

As tending to show the conspiracy between the defendant and complainant's husband, the complainant, on the hearing below, testified to certain other transactions between her husband and defendant, intended to deprive her of all means of raising the money to pay off this mortgage. It appears that in 1880 a Mr. Fitch obtained a decree of foreclosure and sale against certain premises in Grand Rapids. In May, 1881, the complainant obtained title to these premises. Under an arrangement with Moore, he

took an assignment of the Fitch decree to himself, with the agreement that it could remain in that condition until she could dispose of the property, when she could pay him back the money he had paid Fitch. After Mr. Moore left the complainant, and in September, 1890, while he was living with defendant, Moore assigned this decree to defendant, and he advertised this property for sale under the decree in the same country paper in which the other notice was published, and on December 29, 1890, bid in the property under the sale at $500, taking the commissioner's deed therefor. It is claimed that the defendant gave Moore his note for $100 for the Fitch decree, and that Moore afterwards gave the note back to him. Complainant paid the taxes on this property 11 days after the sale, and before she knew of the defendant's purchase. Defendant at once sought to get possession of these premises by putting other tenants in. The defendant, also, to further embarrass the complainant, took from her a horse and other personal property on a writ of replevin. On the trial the complainant prevailed, and defendant returned the property, with damages for detention.

The testimony of complainant and her witnesses fully substantiates the claims made by the bill. It appears that, after the sale of the property, the complainant employed counsel, who made an effort to obtain from defendant and his counsel an assignment of the mortgage, but this was refused, his counsel contending, as the defendant and Mr. Moore had before contended, that complainant had no right to an assignment of the mortgage, and that her only remedy was by redeeming from the sale.

Counsel for defendant in this Court do not deny the effort made by the complainant to release her property from this mortgage incumbrance. They assert—

1. That the mortgage was valid.

2. That the foreclosure proceedings were regular and valid.

3. That, before this bill was filed, complainant made no tender, and was not in a position to make a tender and have an assignment of defendant's interest.

The testimony was taken in open court, and the court below made a decree that the defendant assign and convey to complainant, by deed of conveyance, executed in due form of law, all his interest in the premises, upon payment to him of the amount of his bid at the sale, with interest.

It must be assumed from the facts shown that the mortgage is valid and the sale regular in all respects to convey all the mortgagor's interest in the premises to the defendant. We think the defendant, however, has not acted in good faith towards the complainant. He has by every effort in his power, aided by the husband, whom he seemed to control, attempted to prevent her from raising the money to acquire his interest, or even to redeem from the foreclosure sale. In these efforts he has succeeded. She has been unable to use the property to raise the money, and other property which she had has been swept away from her by his efforts. Even the personal property she had she was only permitted to retain by a lawsuit which he forced upon her. He denied her right to have an assignment of the mortgage on payment of the amount of his bid at the foreclosure sale.

It has been expressly held by this Court that a second mortgagee has a right to redeem from a prior mortgage, and to have the benefit of an assignment. *Lamb v. Jeffrey,* 41 Mich. 719; *Sager v. Tupper,* 35 Id. 134. The homestead and dower rights of the wife cannot be treated with less consideration. The complainant, therefore, not only had the right to redeem, but to have, upon payment to the defendant of the amount due on the mortgage, all the benefits of an assignment of the mortgage.

It is claimed, however, that there was no mortgage existing upon the premises which was the subject of an assignment, for the reason that the premises had gone to a sale, and a sheriff's deed had been executed thereon. While it is true that a sale on statutory foreclosure satisfies the debt secured by the foreclosed mortgage to the extent of the proceeds of the sale, and thus far releases the personal obligation, yet any party redeeming gets such an interest in the land as is necessary to protect him. *Powers v. Lumber Co.*, 43 Mich. 471. If this were a subsequent incumbrancer, the redemption would create no merger of liens, but those who should stand later in the order of title or security would be compelled to pay the redemption money which had been advanced for the benefit of the title, as well as the mortgage which made the advance necessary. The fact that the premises had gone to sale did not affect the complainant's right to an assignment of the mortgage from the defendant. Here the only parties interested were the defendant, claiming under the mortgage, and the complainant, who claims and is entitled to a homestead and dower interest in the land. She sought to acquire all the interest which the defendant had; not only to redeem, but to have his claim assigned to her for her protection. This she was entitled to have to the extent of an assignment of the mortgage, and thus to be subrogated to all of defendant's rights and interests in the premises under the mortgage, with a lien thereunder to the extent of the mortgage interest. That she could not or did not make a tender is evidently due to the conduct of the defendant. He sought in every way to prevent and hinder her in her efforts to raise the money, and cannot now be heard in a court of equity to say that she had no standing to file this bill.

The decree of the court below was properly entered, requiring the defendant to convey his mortgage interest in

the premises upon the payment of the amount of his claim. The effect of this conveyance would be to transfer an equitable interest in the mortgaged premises to the complainant, equal to the amount of the mortgage and interest thus paid.

The decree of the court below must be modified to this extent, and, as thus modified, will be entered in this Court, with costs to complainant.

The other Justices concurred.