WILLIAMS BROS. CO. *v.* HANMER.

1. CHATTEL MORTGAGES — ACCOMMODATION MAKER — ASSIGNMENT
TO SUBSEQUENT MORTGAGEE.

In a suit by a second chattel mortgagee to enforce the assignment to it of the first mortgage, it is no defense that one of the mortgagors was an accommodation maker, where there is nothing to show that complainant had knowledge of it, and nothing in the mortgage to indicate such an understanding.

2. SAME.

The owner of a second chattel mortgage can compel the assignment to him of the first mortgage upon payment of the amount due upon it.

Appeal from Missaukee; Chittenden, J. Submitted January 16, 1903. (Docket No. 57.) Decided April 7, 1903.

Bill by Williams Brothers Company against Charles Hanmer, John Jollands, and Henry Jollands to compel the assignment of a chattel mortgage. From a decree for complainant, defendants appeal. Affirmed.

*Isaac C. Wheeler*, for complainant.

*F. O. Gaffney*, for defendants.

MOORE, J. The bill of complaint was filed in this case to compel the defendant Charles Hanmer, a prior mortgagee, to assign the chattel mortgage held by him to the complainant, who held a subsequent mortgage on a portion of the property covered by said prior mortgage, and to have the property named in said prior mortgage not covered by said second mortgage bear one-half of the indebtedness secured by the prior mortgage. From a decree in favor of complainant, the case is brought here by appeal.

The record discloses that on August 30, 1900, Henry

Jollands and John Jollands and his wife gave to M. D. Newald a chattel mortgage on certain personal property to secure the payment of six notes, aggregating $325, which were signed by John Jollands and Henry Jollands, though they were referred to in the mortgage as signed by Henry Jollands. This chattel mortgage was a form in common use, and provided that in default of payment, or should the mortgagee deem himself insecure, the whole amount payable should become due and payable, and that the mortgagee might take possession of the property, and sell it either at public or private sale. On the 6th day of April, 1901, Henry Jollands made a chattel mortgage to Williams Bros. Company for $460.08, which covered some of the property covered by the prior mortgage. In this mortgage it was stated the property was free from liens and incumbrances, except a mortgage to M. D. Newald of $275 unpaid thereon. Some payments were made on each of these mortgages, but neither of them was paid in full. January 6, 1902, Mr. Hanmer, at the request of John Jollands, purchased the Newald mortgage, and it was assigned to him. Afterwards complainant tendered Hanmer $182, and demanded an assignment of the Newald mortgage, which was refused. He also offered to pay $91 for an assignment of the Newald mortgage with John Jollands' property released, which was also refused. Hanmer offered, upon payment of $182, to assign the mortgage with John Jollands' property released, which complainant refused.

It is the claim of John Jollands that, in signing the first mortgage and the six notes, he was an accommodation maker for the purpose of aiding his son, Henry, and that complainant knew it when it took the second mortgage, and that the debt secured by the second mortgage was the debt of Henry Jollands and one Freeman, and that he became liable to pay the Newald debt only if Henry did not, and that he at no time became liable to pay the Jollands and Freeman debt, and in equity ought not to be required to pay either debt. Complainant insists

it had no knowledge that John Jollands claimed to be an accommodation maker of the notes secured by the mortgage, and that, when it took the second mortgage, it was informed of the the first mortgage, and the amount thereof, and that it covered property belonging to John Jollands, with which complainant was familiar, and that because of this information it regarded the second mortgage as fairly good security, and so accepted it.

There is nothing in the first chattel mortgage to indicate that part of the property covered by it belonged to one of the makers, and part to the other, or to indicate that part of the debt secured thereby was to be paid by one of the makers, and another part by the other maker; nor was there any suggestion that one portion of the property must be sold before another. Whatever may have been the understanding between Henry Jollands and his father, John Jollands, as between Mr. Newald and John Jollands, and between third parties and himself, he was bound by the written contract which he entered into. A lien was given upon the property covered by the first mortgage to secure the debt mentioned therein, and, as the debt had not been paid, the lien continued. See *Woodruff* v. *Phillips*, 10 Mich. 500; *Payne* v. *Avery*, 21 Mich. 524. The right of a subsequent mortgagee to take over a prior mortgage is no longer an open question in this State. It is recognized in *James* v. *Brown*, 11 Mich. 25; *Sager* v. *Tupper*, 35 Mich. 134; *Lamb* v. *Jeffrey*, 41 Mich. 719 (3 N. W. 204); *Moore* v. *Smith*, 95 Mich. 75 (54 N. W. 701). When complainant tendered to Mr. Hanmer the amount due on the first mortgage, it had a right to have it assigned.

The decree is affirmed.

The other Justices concurred.