LIEBLIEN *v.* HANSEN.

1. FORCIBLE ENTRY AND DETAINER—CIRCUIT COURT COMMISSIONER —SUMMARY PROCEEDINGS—CLAIM OF TITLE.

Where the complainant, in summary proceedings before a circuit court commissioner had not assented to continued occupation by the defendant, after bidding in the property under an execution levy, the defendant could not defeat the proceedings by alleging that the sale to complainant was invalid or defective, thereby raising a question of title. 3 Comp. Laws, § 11164 (5 How. Stat. [2d Ed.] § 13684).

2. SUBROGATION—EXECUTION CREDITOR—REDEMPTION—EQUITY.

In summary proceedings to obtain possession of real property which the complainant acquired by execution levy, he could not enforce, as an additional legal title, rights secured by redeeming the premises from a prior mortgage that had been foreclosed. Although equity would protect him in the expenditure of the required amount, complainant, in the absence of any assignment of the mortgagee's title, canceled the mortgage and avoided the deed on foreclosure by proceeding under 3 Comp. Laws, § 11143 (5 How. Stat. [2d Ed.] § 13938).

3. LANDLORD AND TENANT—EXECUTION SALE—NOTICE TO QUIT.

The owner of real property, holding over after sale of his premises on execution, is not a tenant, nor is he entitled to a notice to quit.

4. HOMESTEAD—EXECUTION SALE—EXEMPTION—APPRAISAL.

Whereas the primary purpose of an appraisal of a homestead to be sold under execution is to determine whether its value exceeds $1,500, it will be inferred that an appraisal by six disinterested freeholders at $4,150, and sale at $4,500, were both subject to existing prior incumbrances.

Error to Houghton; Cooper, J., presiding. Submitted November 4, 1913. (Docket No. 66.) Decided December 20, 1913.

Summary proceedings by Edward M. Lieblien against Hans G. Hansen and another who appealed to the circuit court from an order of restitution entered by the commissioner. Judgment for complainant. Defendants bring error. Affirmed.

*Galbraith & McCormack*, for complainant.

*William A. Bateman*, for defendants.

STEERE, C. J. On November 8, 1911, complainant instituted summary proceedings against defendants under section 11164, 3 Comp. Laws, before a circuit court commissioner of Houghton county, to recover possession of lots numbered 36 and 37, block 13, in Second addition to the village of Calumet, now called Laurium. From a judgment by the commissioner in complainant's favor, appeal was taken to the circuit court of Houghton county, where on trial by jury a verdict was directed in favor of complainant and judgment rendered thereon. A motion by defendants for a new trial was denied, and the case then removed to this court for review upon a writ of error.

Complainant's claim of right to possession of the property in question is based upon sheriff's deeds given on mortgage foreclosure and execution sale, the validity of which is questioned by defendants. It is contended in behalf of defendants that this raised a question of title before the commissioner, which was not triable in summary proceedings, and that a motion made to dismiss complainant's bill and direct a verdict for defendants should have been granted by the circuit court, which on appeal from the commissioner's court had no increased jurisdiction. In this contention complainant relies on *Butler* v. *Bertrand*, 97 Mich. 59 (56 N. W. 342), and other cases to the same effect, which hold in general terms that when it appears in summary proceedings the decision must

turn upon an interposed question of title, the case should be dismissed. Error is also assigned on a ruling of the court that no notice to terminate the tenancy was necessary under the claim made by complainant; it being contended defendants were entitled, in any event, to three months' notice to quit. Subdivision third of section 11164 (5 How. Stat. [2d Ed.] § 13684), distinctly authorizes summary proceedings to recover possession, "when any person shall continue in possession of any premises sold by virtue of any mortgage or execution after the expiration of the time limited by law for redemption." Complainant's claim is based entirely upon a sale of the premises by virtue of both a mortgage and execution, and expiration of the time limited for redemption. In *Gage* v. *Sanborn,* 106 Mich. 269 (64 N. W. 32), it is said:

"The questions to be tried before the commissioner under this statute in a foreclosure case are: (1) The fact of the mortgage sale and its validity; (2) the holding over after expiration of the period of redemption. If these questions cannot be tried by the commissioner the statute is farcical, as jurisdiction would always be lost as soon as a plausible claim of invalidity of the sale should be raised. Hence a mortgagor is permitted to question the validity of the sale in this proceeding, and the same would be true in cases of execution sales. * * *

"The further point is made that the defendant was entitled to a three months' notice to quit under the statute. The proceedings were begun promptly after redemption expired, and there is no room for the claim that plaintiff assented to continued occupancy, if that would make any difference. *Allen* v. *Carpenter,* 15 Mich. 25."

This decision we think forecloses many of the questions which have been raised and argued in relation to jurisdiction and defendants' claim of right to three months' notice to quit under the statute.

Complainant, Lieblien, is and has been for many

years a wholesale grocer located in the city of Hancock, in Houghton county. Defendant Hansen, and a son named Charles, were also for a number of years engaged in conducting a general store in the village of Red Jacket, under the firm name of Hansen & Son, and were customers of complainant. They owned some property jointly, and each owned property individually. Some time in 1908 or 1909 the firm became embarrassed, and appear to have later gone out of business under adverse circumstances. Before this time complainant had indorsed a note for the firm amounting to over $8,000, and early in 1909 they owed complainant a comparatively small balance for merchandise and a much larger sum, which he had been obliged to assume and pay on the commercial paper he had indorsed for them. The property in question belonged to defendant Hans Hansen, and his home had been located on lot 36 for several years, a barn being upon 37. On December 11, 1907, he and his wife executed a mortgage for $2,000, covering both lots, to one Bernard Holstrom. On February 4, 1909, Lieblien, for the reason that Hansen and his son were improperly disposing of their property to the prejudice of their creditors, sued out a writ of attachment, and levied upon the premises in question, with other property, in connection with an action on the note given by them for $8,000, which he, having indorsed, was obliged to pay, and upon which there was yet a balance of over $5,000 which they had not paid. On June 15, 1909, a judgment was rendered in the circuit court of Houghton county against defendant Hans G. Hansen in said attachment suit for $5,863.89, and on July 12, 1909, execution under said judgment was levied upon the property in question. On June 30, 1909, 15 days after this judgment was rendered, Hansen and wife executed a mortgage to said Bernard Holstrom, August Limpia, and Charles

Kostemo for $2,000 to secure them as indorsers on certain paper. On November 11, 1909, the premises were sold by the sheriff to Lieblien under the execution levy. In the meantime the mortgage from Hansen and wife to Holstrom for $2,000, dated December 11, 1907, was foreclosed by advertisement, and bid in by Holstrom at foreclosure sale on November 7, 1910, for the sum of $2,236.75. On November 6, 1911, Lieblien redeemed the property from under the Holstrom foreclosure sale, receiving from the latter a redemption certificate dated November 14, 1911, which was duly recorded, according to law, with the register of deeds on January 11, 1912. The payment was first made to the register of deeds of Houghton county, in compliance with the statute relative to redemption, and was officially receipted for as having been paid to redeem said property from the mortgage deed to Holstrom which was described with apt reference to liber and page.

It is insisted in behalf of complainant that he can recover the property under either or both the mortgage foreclosure and execution sale, in each of which the time for redemption expired before action was taken; that he has title by the execution deed to himself, and by subrogation under Holstrom's mortgage foreclosure deed, having been compelled to pay that prior incumbrance to protect his interest under the attachment and execution. In the latter contention his claim is at least doubtful. He acquired no legal title. A court of equity would undoubtedly hold him protected in the expenditure by subrogation to the lien, priority, and remedies of the creditor whose claim he was obliged to pay to protect his own interests, but he did not purchase by contract Holstrom's mortgage and inchoate title to the property, and take an assignment of the same, as he might have done. He only paid off the mortgage and extinguished the

debt it secured by depositing with the register of deeds the amount required for redemption. By taking this course under the statute he canceled the mortgage upon the records, and rendered the foreclosure deed to Holstrom void. Section 11143, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13938). There is a marked distinction between rights acquired by a contract of assignment and those acquired in subrogation by operation of law. *Frisbee* v. *Frisbee,* 86 Me. 444 (29 Atl. 1115).

If complainant's execution sale was in compliance with the statute, he holds title to the property, and is entitled to possession. As before intimated, there was no tenancy and no notice to quit was required. Defendants' contention negatives a tenancy; there is no suggestion of any express contract of tenancy, and none is to be implied under the circumstances of this case because of the few months intervening between the expiration of the period of redemption and institution of proceedings. *Kunzie* v. *Wixom,* 39 Mich. 384.

The judgment pursuant to which sale was made and all proceedings leading up to the levy are not questioned. Lot 36 in question was levied upon as a homestead exceeding in value $1,500, under section 10369, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13079). The record contains copies of the various instruments filed in carrying out the statutory requirements in such cases, including the notice of levy, an appraisal of the property at $4,150 by six freeholders of the village of Laurium, notice to the owner of the homestead to redeem within 60 days, certificate of sale of the property to complainant for $4,500, he being the highest bidder at the sale, the sheriff's deed to him, the payment of $1,500 to the sheriff for the homestead exemption, a credit for the balance of $3,000 receipted on the judgment, and a full return

by the sheriff of the various steps taken in executing his writ certifying amongst other things, that the defendants in said execution had in his bailiwick no other property upon which he could levy to satisfy the judgment.

It is claimed in behalf of defendants that in appraising the homestead the mortgages upon the same were not taken into consideration, as they should have been, which deprived them of their right to be advised of the sum required to redeem the homestead from under the execution sale. The homestead was appraised by six qualified freeholders, as the statute required. Their appraisal was $4,150. It sold at execution sale for $4,500, subject, necessarily, to any prior, recorded incumbrances. The inference is that the mortgages were considered both on the appraisal and at the sale. The primary object of the appraisal which the statute requires is to determine whether the homestead exceeds $1,500 in value, before the sheriff can proceed further with the execution. *Riggs v. Sterling,* 60 Mich. 643 (27 N. W. 705, 1 Am. St. Rep. 554) ; *McAllister* v. *Des Rochers,* 132 Mich. 381 (93 N. W. 887). The sheriff's return while it stands must be deemed conclusive upon the parties. *Flynn v. Kalamazoo Circuit Judge,* 136 Mich. 23 (98 N. W. 740).

The homestead is a single village lot, and no claim is made that it was capable of division. It was shown by appraisal to exceed in value $1,500. Due notice was given to the owner. It was sold at a price in excess of the appraised value. One thousand five hundred dollars exempt from execution was reserved by the sheriff for the debtor, and the balance applied upon the execution.

We conclude from this record that the proceedings under the levy were in substantial compliance with statutory requirements, and with due regard to de-

fendants' homestead rights.  Complainant is shown to have been entitled to possession of the premises under his execution deed.

The judgment is affirmed.

MOORE, MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.