McCREERY *v.* ROFF.

ROFF *v.* MILLER.

1. PRACTICE—TITLE—SUMMARY PROCEEDINGS—CIRCUIT COURT COMMISSIONER.

Upon writ of error to review a judgment for plaintiff in summary proceedings for the possession of real property, the cause should be entitled in the names of the parties to the proceeding before the circuit court commissioner, who is not properly a party in the circuit or appellate court and should not be named in the title of the action.

2. COSTS—SECURITY — NONRESIDENTS — CIRCUIT COURT COMMISSIONER.

The propriety of entering an order requiring security for costs of a nonresident complainant in summary proceedings is not reviewable but rests in the discretion of the commissioner.

.3. MORTGAGES—REDEMPTION—ASSIGNMENTS.

One may purchase the mortgage interest, after foreclosure by advertisement, from the buyer at public sale, and a junior incumbrancer may secure an assignment before sale and foreclose in his own interest or he may buy the equity of the purchaser during the period of redemption.

.4. SAME.

And where the prior mortgage was redeemed the second mortgagee, or his assignee, might foreclose as against the owner or any subordinate interests.

.5. SAME—JUNIOR INCUMBRANCE.

In the absence of peculiar and unusual equities, no reason is apparent why the holder of a second mortgage may not purchase the equitable interest acquired at foreclosure sale by the first mortgagee, or his representatives, and the effect is not the same as redemption, whereby it has been held that the foreclosure deed becomes void and of no effect.

.6. SAME—ESTATES OF DECEDENTS—CONVEYANCES BY EXECUTOR.

Section 9361, 3 Comp. Laws, requiring the approval of the probate judge to the assignment of the rights of an es-

tate in real property acquired on foreclosure, etc., does not apply to the purchase of a mortgage interest before expiration of the redemption period: it would become applicable after the title of the estate had become absolute.

7. SAME—EQUITABLE DEFENSE—SUMMARY PROCEEDINGS.

The defense of equitable estoppel, based on the theory that the defendant was induced to believe that complainant was not insisting on the rights acquired by foreclosure sale, and he therefore relaxed his effort to raise the money, is an equitable defense and will be entertained only in a suit in chancery.

Error to Calhoun; North, J. Submitted October 6, 1915. (Docket No. 14.) Decided December 22, 1915.

Summary proceedings by Vance McCreery against Frank E. Roff and another for the possession of real property. Judgment for complainant, which defendants removed by certiorari to the circuit court. Judgment for complainant. Defendants bring error. Affirmed.

*J. M. Hatch & Son,* for relator.

*Winsor & Robinson,* for respondent.

PERSON, J. Summary proceedings were begun before the circuit court commissioner by one Vance McCreery to obtain possession of lands alleged in the petition to be held unlawfully and against his rights by Frank E. Roff and Cyrus C. Sterling. The commissioner rendered judgment in favor of the complainant, and the proceedings were removed to the circuit court by certiorari, where the judgment of the commissioner was affirmed. The case is now brought to this court by writ of error. By some inadvertence the proceedings are wrongly entitled both here and in the circuit court. Mr. Roff is not a relator, but a defendant, and the circuit court commissioner is not a party to the cause at all. This is an action in which Vance

McCreery is complainant and Frank E. Roff and Cyrus C. Sterling are defendants, and which should have been so entitled. Inasmuch, however, as it has been fully argued for both sides without objection, and the record shows plainly the actual controversy before the court, we will dispose of it upon its merits.

The defendant Roff became owner of the premises through a quitclaim deed from Cyrus C. Sterling and wife, bearing date December 15, 1911. The consideration was mentioned therein as "one dollar and other considerations." When this conveyance was made to Mr. Roff, the lands were incumbered by two mortgages, the first having been executed to one Joseph Ferguson on April 1, 1909, for $6,000, and interest, and the second to Vance McCreery, on September 28, 1909, for $3,500, and interest. Both were duly recorded. Mr. Ferguson having died, one Charles A. McLees, as the executor of his will, proceeded to foreclose the first mortgage by advertisement, under the statute, and on the foreclosure sale bid in the property as such executor, receiving a sheriff's deed thereof, bearing date October 15, 1913. After the sale, and before the period for redemption had expired, that is, on the 9th day of July, 1914, Vance McCreery, the complainant, to protect his second mortgage, purchased all of the rights of the executor under the foreclosure sale, paying him $6,647.15, the amount of his bid, with interest, and taking from the executor an assignment of the first mortgage, together with a quitclaim deed of the lands. The deed included an assignment of the executor's rights under the foreclosure, in the following language:

"And I also assign, transfer and set over all my right, title and interest to the proceedings in foreclosure of the above-described mortgage together with all and singular, the hereditaments and appurtenances thereunto belonging or in any wise appertaining."

After the period for redemption had expired Mc-
Creery served notice upon defendants to surrender
possession of the premises, and following such notice
began these proceedings before the circuit court com-
missioner, on the 26th day of October, 1914.

To the judgment of restitution in favor of McCreery,
rendered by the commissioner, and affirmed by the cir-
cuit court, the appellant Roff urges the following ob-
jections:    That the commissioner lost jurisdiction of
the case by refusing to order security for costs; that
the only right of McCreery, as junior mortgagee, was
to redeem, and that he could not, by purchase from the
executor, acquire for himself the benefits of the fore-
closure and, through that proceeding, title to the land;
that the deed from the executor to McCreery was void,
inasmuch as it did not have the approval of the judge
of probate, as required by 3 Comp. Laws, § 9361 (4
How. Stat. [2d Ed.] § 11072) ; that McCreery is es-
topped from asserting title through the foreclosure
proceedings because of a letter written by him to Roff
under date of September 22, 1914, whereby the latter
was deceived into the belief that McCreery did not in-
tend to rely upon such title.   These objections will be
considered in their order.

1. On the return day of the summons before the cir-
cuit court commissioner, the defendant Roff appeared
specially and demanded security for costs from the
complainant, McCreery, because the latter was a non-
resident of this State.   The commissioner declining to
make an order requiring such security, the defendant
pleaded to the merits and went to trial.   It is now
claimed by him that in refusing to make the order as
requested, the commissioner lost jurisdiction of the
proceedings.   It is stated in the opinion filed by the
circuit judge that the point was not urged before him,
although counsel for defendant suggested that he did

189 Mich.—36.

not wish to abandon it entirely. It is not claimed that there is in the statute conferring jurisdiction in cases of this kind upon circuit court commissioners any provision making it obligatory upon them to require security for costs from nonresidents. Nor can the law governing the matter in justice's court (1 Comp. Laws, § 713 [5 How. Stat. (2d Ed.) § 12169]), or that applicable to circuit courts (3 Comp. Laws, § 9990 [5 How. Stat. (2d Ed.) § 12653]), be held controlling. Without some express provision somewhere making it mandatory that security for costs be required of all nonresident complainants in summary proceedings, the propriety of such order must be considered as within the discretion of the commissioner. *McDowd* v. *Circuit Judge*, 41 Mich. 551 (49 N. W. 923) ; *Goodenough* v. *Burton*, 146 Mich. 50 (109 N. W. 52).

2. It is admitted by Roff in his affidavit for certiorari that each mortgage was a valid lien upon the land paramount to his rights; but he insists that a junior mortgagee cannot, upon foreclosure of a prior mortgage, acquire the legal title through an assignment from the purchaser at the foreclosure sale. He argues that, because of his fiduciary relations to the mortgagor and those claiming under him, any such attempted purchase by a junior mortgagee, before the sheriff's deed becomes operative, amounts only to redemption, citing *Johnson* v. *Johnson*, Walk. Ch. 331. But the statute relative to redemption has been somewhat changed since that case was decided. It is now settled that the purchaser, at a foreclosure by advertisement, ordinarily acquires an equitable interest in the land which he may, during the period given for redemption, transfer in full to another. And that his assignee, if there is no redemption, will take the legal title when it matures exactly as the original bidder himself would have taken it. *Gage* v. *Sanborn*, 106 Mich. 269 (64 N. W. 32).

And, in the absence of peculiar and unusual equities, no reason is apparent why the holder of a second mortgage may not purchase this equitable interest, arising on the foreclosure of a prior mortgage, as well as any one else. There is a marked difference between redeeming, which is a matter of right, and taking an assignment of the equitable interest acquired by the purchaser on foreclosure, which is a matter of contract between the parties. *Lieblien* v. *Hansen,* 178 Mich. 11 (144 N. W. 496) ; *Frisbee* v. *Frisbee,* 86 Me. 444 (29 Atl. 1115). Upon redemption the foreclosure deed, by force of the statute, becomes "void and of no effect" (3 Comp. Laws, § 11143 [5 How. Stat. (2d Ed.) § 13938]) ; but no such result ordinarily follows an assignment (*Gage* v. *Sanborn, supra*).

The right of a subsequent mortgagee to require the assignment to himself of a prior mortgage, after it has fallen due and before its foreclosure, is no longer a question in this State. *Williams Bros. Co.* v. *Hanmer,* 132 Mich. 635 (94 N. W. 176) ; *Lamb* v. *Jeffrey,* 41 Mich. 719 (3 N. W. 204). And he may at once proceed to foreclose such mortgage after it has been assigned to him.

Upon redemption from a prior mortgage the subsequent mortgagee may foreclose his lien as against the owner of the land and all others whose interests are subordinate to his. *Powers* v. *Lumber Co.,* 43 Mich. 468 (5 N. W. 656). And a junior mortgagee may bid in the land, with all of the rights of any purchaser upon the foreclosure of a prior mortgage by advertisement. Jones on Mortgages (6th Ed.), § 1884; Pingree on Mortgages, § 1390.

McCreery had an undoubted right, in this case, to take from the executor of the Ferguson estate an assignment of the latter's interest, acquired at the foreclosure of the first mortgage, and the legal title to the

lands vested in him when the sheriff's deed became operative.

3. Objection was made before the commissioner to the admission in evidence of the quitclaim deed, given by the executor to McCreery. The objection was based upon the fact that the deed had not been approved by the judge of probate, in accordance with the provisions of section 9361, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 11072), which reads as follows:

"Any real estate which may have been purchased or which may hereafter be purchased by an executor or administrator as such, upon a sale on execution for the recovery of a debt to the estate, or upon a sale in the foreclosure of a mortgage held by said executor or administrator (whether owned by the deceased in his lifetime or acquired after his death), shall be considered as personal estate and may be sold and conveyed by said executor or administrator in like manner as personal estate may now be sold, and the proceeds thereof shall be held and divided as personal estate: *Provided*, such sale shall first be approved by the judge of probate having jurisdiction of such estate by an order entered in the journal of the court a copy of which order shall be attached to and recorded with the deed given by such executor or administrator."

This section of the statute applies, however, only when an executor or administrator has taken the legal title to real estate. It would have become applicable if the executor in this instance had retained the equitable interest acquired by him at the foreclosure sale until the period of redemption had expired and the deed executed to him by the sheriff had become operative. Such legal title does not vest at once upon the auction sale on statutory foreclosure (Jones on Mortgages, § 1884), but only at the expiration of the period allowed for redemption. Until the end of that period the foreclosure proceedings may be abandoned, if the parties choose to do so (*Dodge* v. *Brewer*, 31 Mich.

227), or a subsequent mortgagee may still demand an assignment of the mortgage. (*Moore* v. *Smith*, 95 Mich. 71 [54 N. W. 701]). The effect of the quitclaim deed in this case was not a conveyance of real estate within the meaning of the statute, but an assignment of the right to become vested with the legal title, if there should be no redemption.

4. The executor of the Ferguson estate assigned his interest, as purchaser at the foreclosure of the first mortgage, to McCreery, the complainant, on the 9th day of July, 1914. The right to redeem from the foreclosure sale expired on the 15th day of October, 1914. Between these dates, and on the 22d day of September, 1914, McCreery wrote Roff, the owner of the land, as follows:

"As you requested yesterday below is a statement of the mortgages. I bought the first mortgage of Mr. McLees, Ex. paid him $6,647.15 on July 9th. You can figure the interest due me to any time starting with July 9th. On the second $3,500 mortgage there is a balance due of $2,242.70 on this the interest is paid to March 28, 1914."

It is claimed that this letter caused Roff to believe that the foreclosure proceedings were not to be insisted upon, and led him to relax his efforts to raise the redemption money. How it could have been so construed is not apparent. But be this as it may, it is not a defense that can be urged in an action at law, such as this. If there were such deceit as equitably would still authorize redemption by Roff, his application therefor must be to a court of equity. *Gage* v. *Sanborn, supra.*

The judgment is affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.