ROFF *v.* McCREERY.

MORTGAGES—FORECLOSURE—REDEMPTION—EVIDENCE— SUFFICIENCY.
On a bill to redeem from the sale on foreclosure, evidence
examined, and *held*, to sustain a decree dismissing the bill.

Appeal from Calhoun; North, J. Submitted October 16, 1917. (Docket No. 158.) Decided December 27, 1917. Rehearing denied March 28, 1918.

Bill by Frank E. Roff against Vance McCreery to redeem from a mortgage foreclosure. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*J. M. Hatch & Son,* for plaintiff.

*Winsor & Robinson,* for defendant.

OSTRANDER, J. A first mortgage upon real estate was foreclosed by advertisement, and the property was sold to the representative (executor) of the mortgagee. The owner of a second mortgage upon the same property, during the period allowed the owner of the land to redeem from the sale, purchased the rights of the senior mortgagee. The owner of the land did not redeem. The period of redemption having expired, the junior mortgagee, assignee of the senior mortgagee, purchaser at the foreclosure sale, instituted proceedings to get possession of the premises. These the owner defended and the result is announced in the opinion in *McCreery* v. *Roff*, 189 Mich. 558 (155 N. W. 517). It is said that the owner of the land, upon advice of counsel, relied upon *Johnson* v. *Johnson*, Walk. Ch. 331, and therefore did not redeem from the sale upon the foreclosure. It is pointed out in *McCreery* v. *Roff, supra,* that the case relied upon is not controlling. Of a certain alleged equitable de-

fense, it was pointed out that it could not be admitted in a court of law; this court saying:

"If there were such deceit as equitably would still authorize redemption by Roff, his application therefor must be to a court of equity. *Gage* v. *Sanborn,* 106 Mich. 269 (64 N. W. 32)."

In the suit at bar, the owner, plaintiff, filed his bill to redeem. After a hearing the trial court filed an opinion, in which it is said:

"The prayer of the bill is of a double character; the first, that the plaintiff be given additional time in which to redeem from said mortgage foreclosure; and, secondly, if such relief is denied, 'that the payment of taxes for the year of 1913 (on the lands covered by the foreclosure) by your orator be decreed to be an involuntary payment, and the same having accrued to the benefit of McCreery, that he, the said McCreery, be required by an order from this court to pay the amount of said taxes with interest thereon to your orator, and that in default of said payment the same shall be decreed to be a lien upon said premises.' I have given the testimony taken in this case and the briefs filed for the respective parties careful consideration; and as the result thereof I am fully convinced that the plaintiff has not established the facts which he claims would entitle him to the relief first sought in the bill of complaint. On the contrary, I am convinced that the defendant McCreery insisted all along that he did not want the farm in question, but that he did want his mortgage paid, both principal and interest.

"As to the relief sought on the theory that the payment of taxes was involuntary, I think the plaintiff has not made out a case. In the first instance, it is not shown by a preponderance of the proof, in my judgment, that the payment was involuntary; and besides this, as between these parties it was clearly the duty of the plaintiff as a mortgagor to pay the taxes. Certainly this would be true of an ordinary land tax which had accrued during the time the mortgagor had the possession and use of the land; and I do not think the rule would be different as to a drain tax which

was assessed and became payable during the time
which the plaintiff had the right to the land and
claimed the ownership of the same."

A decree was entered dismissing the bill, with costs
to defendant. The questions are questions of fact.
I am satisfied that the court below reached a correct
conclusion, and that the decree ought to be affirmed.

It is affirmed, with costs of this court to appellee.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE
BROOKE, and FELLOWS, JJ., concurred.

## ON MOTION FOR REHEARING.

OSTRANDER, C. J. A motion for rehearing is pre-
sented by plaintiff and appellant, based upon two
grounds, (1) that the court misapprehended the facts,
or "was misinformed or mistook certain essential
facts in said cause," (2) the court erred in drawing
the conclusion it did from the facts, as it is against
the clear preponderance of the testimony. As to the
first of these it is pointed out that in the opinion, in
giving a brief résumé of the facts and after stating
that there was instituted, after foreclosure of the
mortgage and after the time for redemption had ex-
pired, a proceeding to get possession of the premises,
which the owner defended, it is further stated, in-
advertently or otherwise:

"It is said that the owner of the land, upon advice
of counsel, relied upon *Johnson* v. *Johnson*, Walk. Ch.
331, and therefore did not redeem from the sale upon
the foreclosure,"

—there being nothing in the record to support the
statement.

There was contained in the brief for appellant the
following statement:

"Plaintiff Roff acting under the advice of counsel
relied upon his legal defense as set forth in *Johnson*

v. *Johnson*, Walk. Ch. 331, and appealed said case to the Supreme Court, and after having obtained a decision there as handed down in the case of *McCreery* v. *Roff*, 189 Mich. 558, the plaintiff has filed this suit in equity, acting upon the suggestion in said case, which was as follows: 'If there were such deceit as equitably would still authorize redemption by Roff, his application therefor must be to a court of equity.' "

"This statement," counsel say, "by no means says that Roff, upon the advice of counsel, relied upon said decision and for that reason failed to redeem."

Counsel are right and the sentence in the opinion which is objected to ought to have been omitted because it does not appear that the failure to redeem from the foreclosure sale was influenced either by advice of counsel or by the decision in *Johnson* v. *Johnson, supra.*

But the sentence in the opinion, a part of an attempted recital of facts, is wholly immaterial to the conclusion arrived at. Omitted, as it should have been, the case considered is not at all affected, as a reading of the opinion will discover. The essence of the conclusion is found in the words:

"I have given the testimony taken in this case and the briefs filed for the respective parties careful consideration; and as the result thereof I am fully convinced that the plaintiff has not established the facts which he claims would entitle him to the relief first sought in the bill of complaint. On the contrary," * * *

To this we adhere. The correction indicated is made by what is here said.

The rehearing is denied.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.