DUFFY *v.* KELLY.

1. APPEAL AND ERROR—PLEADING—MOTION TO DISMISS.

The Supreme Court accepts as true all well-pleaded allegations in bill of complaint when reviewing order granting motion to dismiss, defendants' proffered answer of matters raised in bill not being considered on such motion.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 852.
[2–4] 31 Am Jur, Labor § 45.
[5, 6] 31 Am Jur, Labor § 68.

2. ASSOCIATIONS—CONSTITUTION OF LABOR UNION—USE OF LOCAL UNION'S FUNDS.

> Claim of plaintiff member of local union that the local's funds were being used for purposes forbidden by the constitution of the parent union and the bylaws of the local *held,* not well-founded, where provisions of the constitution and bylaws do not contain provisions applicable to the transactions involved herein.

3. SAME—LOCAL UNION'S FUNDS—BUILDING—REPAYMENT OF LOANS.*

> *The provision of a home for a local union* held, *a regular and legal purpose of the local authorizing expenditure of local union's funds for such purpose and where the home acquisition venture failed the repayment of member loans made for that purpose was likewise a regular and legal expense.*

4. SAME—LOCAL UNION FUNDS—DEFENSE OF ACTIONS—CONSTITUTION OF LABOR UNION.*

> *The appropriation of funds by a local union to defend a legal action brought against the duly constituted officers, directors and trustees of affiliated building association, organized to provide a home for the local,* held, *authorized by the constitution of the parent union.*

5. ACTION—REMEDIES WITHIN UNION—COURTS.

> Generally, a union member must exhaust his remedies within the union before appealing to the courts for redress of his grievances as to actions by the union.

6. ASSOCIATIONS—OFFICERS' VALUATION OF CONSTITUTION—PLEADING —FRAUD.

> Plaintiff union member's claim that he should not be required to exhaust intraunion remedies before appealing to the courts for relief as to actions and expenditure of union funds claimed to be in flagrant violation of the union's constitution or bylaws *held,* without merit, where bill fails to allege well-pleaded facts upon which claim of invasion of his property rights or violation of the constitution or bylaws could be predicated and no fraud is claimed or alleged.

### ON MOTION FOR REHEARING.

7. APPEAL AND ERROR—RECORD—PREJUDICE.•

> Plaintiff's motion for rehearing is denied, where erroneous attachment of explanatory matter to plaintiff's bill of complaint, instead of to motion to dismiss, in the certified record has not resulted in error prejudicial to plaintiff and its presence or absence was not controlling of result. .

---

* See opinion on motion for rehearing, *post,* 690.—REPORTER.

Appeal from Wayne; Culehan (Miles N.), J. Submitted April 16, 1958. (Docket No. 78, Calendar No. 47,555.) Decided September 10, 1958. Rehearing denied January 12, 1959.

Bill by James P. Duffy against William Kelly and others as officers and directors of Local 636, plumbers and pipe fitters union to enjoin certain disbursements and for accounting. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Dee Edwards,* for plaintiff.

*Zwerdling & Zwerdling (A. L. Zwerdling* and *Sheldon L. Klimist,* of counsel), for defendants.

EDWARDS, J. This case represents another in a series of suits brought about as a result of the ill-fated effort of Local 636 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada to acquire a new home. We have recently remanded for a hearing *(Mathews v. United Association,* 351 Mich 293) a bill of complaint filed on the part of 9 Local Union members seeking to cancel Local Union suspensions and/or fines of $1,425 levied against each of them partly because they were alleged to have started still another suit—this one for accounting of funds claimed to have been accumulated and disbursed by the Building Association.

In the instant action, plaintiff-appellant Duffy, a Local Union member, seeks to restrain the officers of the Local Union from making disbursements of certain Local Union funds. The chancellor below heard and granted a motion to dismiss the bill of complaint.

On appeal in such a situation, we accept as true all well-pleaded allegations in the bill. *Mathews* v.

*United Association, supra; Cortez* v. *Ford Motor Company,* 349 Mich 108. These include:

That plaintiff is a member in good standing of Local 636, and that defendants are the officers of same and that Local 636 is a voluntary labor association having as members pipe fitting and steam fitting workers in the heating and air-conditioning industries in the Detroit metropolitan area.

The crucial allegations then follow, and we set them forth in full ·

"5. More specifically plaintiff is informed and believes and alleges the facts to be:

"(a) That on or about January 16, 1956, a certain action was brought in the Wayne county circuit court, in chancery, against Jack Barton, Tim McCarthy and Jack McGuire, individually and as officers, directors and trustees of Pipe Fitters Local 636, Building Association, Inc., a Michigan nonprofit corporation, by divers persons seeking an accounting of their activities as said officers and directors of said corporation; that their activities as such officers and directors was not within the scope of any employment or authority of Jack Barton, Tim McCarthy and Jack McGuire, as officers, servants, agents or employees of Local 636, but, notwithstanding this, Local 636 funds in the total sum of $7,000 were used, transferred and conveyed to hire legal counsel and for other expenses in connection with the defense of said action in behalf of Jack Barton, Tim McCarthy and Jack McGuire.

"(b) Commencing in the summer of 1952, and during the course of the next year or two, certain interest-bearing certificates of indebtedness were issued by Local 636, Building Association, Inc., a Michigan nonprofit corporation, in the total amount of approximately $27,000; said certificates of indebtedness were purchased as an investment by divers persons; further that said certificates of indebtedness were not the obligation of, the proceeds therefrom did not inure to the use or benefit of, and were

not sold on the credit of said Local 636; notwithstanding the foregoing plaintiff is informed and believes and alleges the facts to be that the defendants herein have been, and are, using, transferring, conveying and dividing the funds belonging to Local 636 to and among the investors in said certificates of indebtedness, and are using, transferring and conveying the funds of Local 636 for the purpose of retiring said certificates of indebtedness and paying interest accrued thereon.

"6. Plaintiff is informed and believes and alleges the facts to be that the use, division, transfer and conveyance of Local 636 funds, as aforesaid, has been and is being purportedly carried on pursuant to certain motions and resolutions passed at the regular membership meetings of said Local 636 held on divers dates which are unknown to your plaintiff but well known to your defendants.

"7. Plaintiff is informed and believes and alleges the facts to be that said motions and resolutions passed at regular membership meetings were wholly ineffectual to authorize or permit defendants herein to use, divide, transfer or convey Local 636 funds as aforesaid, as defendants herein well knew and well know for the following reasons:

"(a) Because such action is forbidden by the constitution of the United Association and the bylaws of Local 636, as more fully set forth above;

"(b) Because said action is not part of the regular business of the Local Union and should have been made the subject of a special meeting, or meetings, with special notice, or notices, to all members of Local 636;

"(c) Because there was no affirmative vote by the entire membership of said Local 636 authorizing such action, even if the entire membership of said Local 636 should be deemed to have the power to authorize such action under the constitution of the United Association."

Plaintiff-appellant's basic contention is that the actions of the Local Union to which he objects were

violations of the Local bylaws and the Union constitutions. In paragraph 4 of the bill of complaint, specific reference is made to section 150 (b) and (e) of the constitution of the Association, and to article 22, §§ 5 and 6, of the constitution of Local 636. These documents [, along with many others referring to this controversy,]* we find *quoted** in the appendix attached to plaintiff's bill of complaint and made a part thereof by reference.

The simple answer to our current problem is that, accepting all facts as stated by plaintiff, we can find no provision of the constitution of the Association or the Local constitution and bylaws which said actions can be held to have violated.

As to section 150 (b) and (e) of the constitution of the Association, this section is entitled *Restrictions on Local Unions Withdrawing or Disaffiliating,* and its entire content deals with restrictions upon disposition of Local Union funds or property on the happening of such a contingency. No withdrawal or disaffiliation is alleged in the bill of complaint, and the documents in the appendix make clear none is taking place. The section is plainly inapplicable to the actions currently complained of. Nor do we find any other which lends weight to plaintiff's claim of constitutional violation.

As to violation of the Local constitution and bylaws, plaintiff asserts the actions complained of "*should* have been made the subject of a special meeting, or meetings." Article 22 of the constitution of Local 636 contains no such mandate, nor do we find any such in the entire Local constitution and bylaws. In article 2 of the Local constitution, we do find provision for the calling of special meetings by call of the president, or on written request of 15 members in good standing. The bill of complaint makes no

---

* See opinion on motion for rehearing, *post,* 690.—REPORTER.

allegation that any effort was made to secure such a meeting on the questions involved.

In short, we do not find either in the sections cited or elsewhere in the constitutions and bylaws depended upon by plaintiff any specific prohibition against the expenditures contemplated, or any procedural rule which the actions complained of may be held to have violated.

* We do find the general purposes of the Association stated in the preamble to its constitution, and we do find the following general language in the Local Union constitution in article 22:

"Sec. 6. This being a protective association, its funds shall be used only for its regular and legal expenses."

In plaintiff's appendix,* we find the following history:

A motion (passed at a regular meeting) to purchase a building to be used as a home for the Local;

the setting up of a nonprofit corporation to be known as Pipe Fitters Local 636, Building Association, Inc., with the corporate purpose: "To acquire by gift, grant, devise, deed, or lease, take and receive and hold and operate, and maintain a place of meeting for the proper conduct of the business and to provide proper facilities for the social and fraternal gatherings for members of Pipe Fitters Local No. 636;"

bylaws of the Building Association providing that all members of Local 636 are members of the Association, and limiting the Association's membership and officers to members in good standing of Local 636;

the acquisition of an interest in a building in the name of the Association on land contract with $25,000 paid down, and a $125,000 balance due;

a photostatic copy of a blank certificate of indebtedness in the sum of $100, payable under resolution of the board of directors of the Building Association to an unnamed member in good standing of Local 636 at 3% interest and on or before 5 years from date of issue, and a resolution of the Building Association authorizing borrowing of funds upon such certificates from members for acquisition and maintenance of the building (the bill of complaint indicates that $27,000 worth of such certificates were actually issued to the various members);

and, finally, after a gap of approximately 3 years, a release between the trustee of the Association and the property owner cancelling the land contract, and the subsequent action of a Local Union meeting approving a recommendation that the executive board of the Local Union itself appropriate funds to reimburse its members for the certificates of indebtedness issued by its Building Association. (No explanation of the failure of the Building Association to complete payments upon the land contract, and to make repayment of the member loans, is afforded in the bill of complaint. And, on motion

* As to matter set in smaller type on this and the following page, see opinion on motion for rehearing, post, 690.—REPORTER.

to dismiss, defendants' proffered answer on this point is not considered. *Mathews* v. *United Association, supra.)*

We cannot, however, find from this history recited from plaintiff's bill of complaint (and the appendix made a part thereof) that the appropriation last referred to was outside of the "regular and legal expenses" of the Local Union. The provision of a home for the Local Union certainly seems a "regular and legal" Local Union purpose. And, on failure of a home acquisition venture, repayment of Local member loans used for such a purpose does, likewise.

Nor can we hold that appropriating Local funds to defend a legal action brought against the duly constituted officers, directors and trustees of the Pipe Fitters Local 636, Building Association, Inc., was beyond the scope of such language either. Indeed, such action appears specifically authorized by section 132 of the constitution of the United Association, entitled *Expense of Litigation.*

The chancellor below dismissed the bill of complaint because plaintiff had failed to exhaust his remedies within the Union before appealing to the courts.

Such, indeed, is generally the rule in Michigan. *Zdero* v. *Briggs Manfg. Co.,* 338 Mich 549; *Martin* v. *Favell,* 344 Mich 215; *Holman* v. *Industrial Stamping & Manfg. Co.,* 344 Mich 235; *Cortez* v. *Ford Motor Company, supra.*

In answer, appellant points to recognized exceptions (see *Mathews, supra*)—and particularly claims exception when members' property rights are invaded by flagrant violations of the Union's constitution or bylaws, citing *O'Neill* v. *United Association,* 348 Pa 531 (36 A2d 325).

The answer, of course, is that in the instant case we have found no well-pleaded facts upon which claim of invasion of plaintiff's property rights, or violation of the constitution or bylaws, can be predicated.

The bill of complaint makes no claim of fraud, and we note no allegations from which any issue of fact pertaining to fraud could be drawn.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.

ON MOTION FOR REHEARING.

PER CURIAM. Subsequent to filing of the opinion of this Court in *Duffy* v. *Kelly*, 353 Mich 682, counsel for plaintiff filed a motion for rehearing.

The important allegation contained therein was that certain facts ·recited in the opinion of the Court on pages 688 and 689 as being found in "plaintiff's "appendix" were not contained therein and, on the contrary, were contained in a series of exhibits filed by defendants accompanying their motion to dismiss.

The documents referred to, consisting of the union's constitution and bylaws and photostats of various records, are found physically attached to plaintiff's bill of complaint in the court record certified to this Court by the circuit court.    They follow in the record plaintiff's bill of complaint and a page attached thereto entitled "Appendix."

On inquiry by the clerk of this Court to counsel for both parties, we are advised that the attachment of these exhibits to plaintiff's bill of complaint was in error and that they should have been attached to defendants' motion to dismiss.    This being the case, the facts recited on pages 688 and 689 should not be considered by this Court on appeal from a dismissal of ·the plaintiff's bill of complaint and we take this means of making the correction needed.

Likewise, the reference to the same exhibits should ·be deleted from the first sentence on page 687 and the sentence should be revised to read: "These documents we find quoted in the appendix," et cetera.

On re-examination of the case and the opinion as revised, however, we find that the factual material thus excised is largely explanatory, and its presence or absence is not controlling of the result.    Plaintiff cannot be held to have been prejudiced by the error. *Roff* v. *McCreery*, 199 Mich 391, 393; *In re Visscher's Estate*, 275 Mich 472, 477.

The motion for rehearing is denied.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.