PETER WARD AND JAMES BURNS *v.* HORATIO P. SEYMOUR AND BENJAMIN L. MARTIN.

[ IN CHANCERY. ]

*Mortgage. Effect of Payment of Decree of Foreclosure by Subsequent Mortgagee. Subrogation. Affirmative Relief to Petitionee. Cross-Petition.*

Payment under a decree of foreclosure by one having a right to redeem, will operate either as a discharge or as an assignment of the mortgage, whichever will best subserve the purposes of justice. Thus; S., who held a mortgage on land of W. and B., brought petition for foreclosure to which M., a subsequent mortgagee, was made a party defendant, and obtained a decree that unless W. and B. paid a certain part

of the mortgage debt by a certain day they should be foreclosed, and that unless M. paid the same by a certain later day he should be foreclosed. The decree provided also for payment of a second and final installment a year later. W. and B. failed to pay within the time limited, but M. paid in accordance with the decree, and, by consent of S., took out a writ of possession in S's name, and sought to obtain possession thereunder, whereupon W. and B. brought a bill against S. and M. to redeem. *Held,* that the payment was a satisfaction, *pro tanto,* of the decree, the same as though it had been made by W. and B., and operated as an assignment to M. of S's mortgage; and that the fact that a later day was given to M. for payment did not change the effect of payment when made.

*Semble* that a petitionee on a petition for foreclosure, to get affirmative relief, must file a cross-petition.

APPEAL from the Court of Chancery.

The bill, which was filed at the September Term, 1877, in Franklin County, was brought to redeem certain premises in St. Albans. It appeared from the bill and answer that on September 2, 1875, the defendant Seymour, who held a first mortgage on the premises in question, conditioned for payment of the sum of $4,136.90 with interest thereon, filed a petition for foreclosure, to which the orators, and the defendant Martin, who was then the owner and holder of a second mortgage on said premises, conditioned for payment of the sum of $1,000 with interest thereon, were made parties defendant ; and that such proceedings were thereupon had that in April, 1876, Seymour obtained a decree in accordance with a stipulation of the parties to the petition, against the orators and said Martin, whereby it was decreed that unless the orators paid the sum of $4,217.60, which was then due under the mortgage, with interest, on or before April 20, 1877, they should be foreclosed, and that unless said Martin paid that sum, if not paid by the orators, by May 1st following, he should be foreclosed. The decree provided also for a further and final payment of $1,085.50, which was not then due under the mortgage, with interest thereon, on April 20, 1878. The orators failed to make the first payment by the time limited, but Martin paid in accordance with the decree, on April 26th, and, with Seymour's consent, procured a writ of possession in Seymour's favor, which he delivered for service to an officer, who thereupon demanded possession of the orators. The orators refused to yield possession, and the officer was about to eject them, when he was

41

restrained by an injunction issued in this cause. The bill contained no allegation of an offer or of willingness on the part of the orators to pay Martin the amount due on his mortgage and on said decree. There were allegations *pro* and *con* in the bill and answer as to the sufficiency of the mortgage security ; and the answer alleged that the orators were insolvent.

The cause was heard on bill and answer, at the September Term, 1878, and the court, ROYCE, Chancellor, dismissed the bill, with costs.

Appeal by the orators.

*E. A. Sowles,* for the orators.

The payment by Martin opened the decree as to Seymour. *Cooper* v. *Cole,* 38 Vt. 185 ; *Lovell* v. *Leland,* 3 Vt. 581 ; *Woodward* v. *Cowdery,* 41 Vt. 496 ; *Heaton* v. *Hubbard,* Supreme Court, Washington County, August Term, 1876 ; *Wheeler* v. *Willard,* 44 Vt. 640.

The doctrine of equitable subrogation does not apply. It applies only to sureties where they are personally bound, or their property specially charged. It does not apply to volunteers, or intruders, without the consent of the debtor, nor against his interest. *Wilkes* v. *Harper,*1 N. Y. 586 ; 1 Story Eq. Jurisp. 499 c, note 4. If it did apply it would give Martin only such rights as Seymour possessed, and Seymour had no right to the possession after the deposit and receipt of the money, as the premises were redeemed agreeably to the decree. Gen. Sts. c. 29, s. 74 ; *Knapp* v. *Sturges,* 36 Vt. 722.

But the junior mortgage of Martin has not been foreclosed, and as the security is sufficient, no equity can exist in his favor. Every note should be foreclosed and an equity of redemption permitted, especially where the security is by separate mortgages ; otherwise Martin would hold both the premises and the note. 1 Washb. Real Prop. 557 ; *Bridgen* v. *Carhartt,* Hopkins, 266.

*Edson, Rand & Cross,* for the defendants.

The orators lost all right of redemption when the Seymour decree expired as to them, and Martin, by redeeming for himself;

took the full title. *McIntier* v. *Shaw*, 6 Allen, 83 ; *Butler* v. *Seward*, 10 Allen, 466.

The decree was in legal effect two decrees, and the redemption of one does not open the other. If Seymour had got a decree against the orators alone, and after the expiration of the equity, had brought another foreclosure against Martin, the orators would not have been proper parties thereto. *Swift* v. *Edson*, 5 Conn. 532 ; *Smith* v. *Chapman*, 4 Conn. 344 ; *Thompson* v. *Chandler*, 7 Greenl. 377. The case is analogous to the case of a party who owns two mortgages on a piece of land and forecloses one of them. If the mortgagor do not redeem the decree, his entire equity is gone. *Weiss* v. *Alling*, 34 Conn. 60.

On April 21, 1877, Seymour had an absolute title to the premises against everybody but Martin, and the right of immediate possession against everybody. Suppose Seymour had then taken possession. Martin is not to blame because he did not. What have the orators done since that time to entitle them to a redelivery of possession ? Martin, by redeeming, took Seymour's claim and title as it was at the time of the redemption, together with all the securities that Seymour then had, including the right to immediate possession, and the most that the orators can claim, if they are allowed to redeem at all, is, to have possession of the premises upon payment to Martin of his own mortgage and the Seymour decree. Martin being accountable, in the meantime, for the rents and profits.

It would be grossly inequitable to allow the orators, who are insolvent, to have the possession and the rents and profits, when the premises are inadequate security, and they have refused to redeem the Seymour decree.

The opinion of the court was delivered by

Dunton, J. This is a bill to redeem certain premises upon which there were two mortgages, a first mortgage to the defendant Seymour, and a second mortgage to the defendant Martin.

Seymour obtained a decree of foreclosure upon his mortgage, by which the equity of redemption, as to the orators, upon the first installment due thereon, was to expire April 20, 1877, and

as to said Martin, May 1st, following. The time limited for the payment of the second and only other installment was April 20, 1878. The orators failed to pay said first installment by the time limited for them to do it, and the decree expired as to them; but Martin paid the same on the 26th day of April following, and thereafter procured from the clerk a writ of possession in favor of Seymour, by his, Seymour's, consent, and was, by virtue thereof, put into possession of said premises.

No question is made as to the other installment that fell due on the decree on the 20th day of April, 1878, which was several months after this suit was brought; nor as to the omission of an allegation in the bill of a willingness or offer upon the part of the orators to pay the defendant Martin the amount due him on said decree and his mortgage. But it is claimed by the defendants' counsel in their brief and argument, that the orators lost all right of redemption in the premises on the 20th day of April, 1877, the date of the expiration of the time limited by said decree for them to pay the first installment thereon; and that Martin by paying the sum within the time limited for him to do so, acquired the full title to the premises. The orators' right, in equity, to redeem said premises would have expired on the 20th day of April, 1877, had not Martin redeemed the same; but when he paid the installment due on said decree as above stated, it was a satisfaction, *pro tanto*, of the decree; and neither Seymour nor Martin had any right thereafter to a writ of possession by reason of the omission of the orators to pay said installment.

The case stands precisely the same so far as the question under consideration is concerned, as though the equity of redemption of the orators, as well as of Martin, was to expire on the first day of May, 1877. In the way this decree was drawn, it being in the usual form, the fact that a later day was fixed for Martin to redeem than for the orators, does not change the effect of payment upon the decree by Martin. Payment by him satisfied and discharged it as effectually as payment by the orators would have done. This same question was decided by this court in this county at the August Term, 1876, in *Heaton, exr. v. Hubbard and Wood*, an unreported case, which was an appeal from the

decree of the Court of Chancery denying the prayer of a petition to set aside a writ of possession. Heaton obtained a decree of foreclosure against Hubbard and Wood, which expired as to the former on the first, and as to the latter on the eleventh, day of April, 1876. Hubbard did not pay the decree; but Wood on the day his right to redeem was to expire, paid it, and subsequently procured from the clerk the writ of possession in favor of Heaton sought to be vacated, and placed the same in the hands of an officer with instructions to dispossess Hubbard and put him, Wood, in possession. The decree or order of the chancellor denying the prayer of the petition was reversed, and the cause remanded, with mandate directing that the writ of possession be vacated and set aside, with costs to the petitioner.

We do not doubt that a decree of foreclosure might be obtained and so drawn as to have the effect claimed by counsel for the one in question; but we think that a defendant in a foreclosure suit, to entitle himself to affirmative relief, must substantially comply with the requirements in other equity cases; and that such decree should be obtainable only upon a cross-petition, so that the parties to be affected thereby may have notice that such a decree is asked for, and an opportunity to be heard as to granting the same.

The payment of a decree of foreclosure by one having a right of redemption in the mortgaged premises, will operate either as a discharge of the mortgage or as an assignment of the same, whichever will " best subserve the purposes of justice." In the case at bar, the defendant Martin being junior mortgagee, the payment by him of said decree operated as an assignment of Seymour's mortgage to him; *Wheeler* v. *Willard*, 44 Vt. 640; and as the decree was satisfied by such payment, the orators still have in equity a right of redemption in said premises.

The decree of the Court of Chancery is therefore reversed, and the cause remanded, with mandate directing that the amount due in equity to Martin upon Seymour's decree and upon the mortgage to himself, after deducting therefrom the rents and profits of the mortgaged premises while in Martin's possession, be ascertained; and a decree be entered that the sum so found due him, Martin, with costs of this suit, be paid by the orators by some day

to be fixed by said court, and upon such payment that he, Martin, surrender the possession of said premises to the orators, free and clear of all incumbrances done or suffered by him ; and in default of such payment, that the bill, thenceforth, stand dismissed with costs.