MARY P. FRISBEE, and others, in equity,

*vs.*

CHARLES W. FRISBEE, and another.

York.    Opinion May 29, 1894.

*Mortgages.   Redemption.   Assignment.   Subrogation.   Adverse Possession.
Limitations.*

Any one who has an interest in mortgaged premises and who would be a loser by foreclosure, is entitled to redeem.

Where there are two mortgages upon the same property to different parties, and the subsequent mortgagee redeems the prior mortgage, but no assignment thereof is made to him, he is entitled by operation of law, to be so far subrogated to the rights of the first mortgagee as to hold the first mortgage security, as *quasi* assignee, for the purpose of being reimbursed for the amount he has been compelled to pay to protect his interests as second mortgagee, in case of redemption of his own mortgage.

There is a recognized distinction between rights acquired by assignment, or contractual relations of the parties, and those acquired by operation of law.

The right to redeem may be barred by exclusive and adverse possession of the land by the mortgagee, or his assignees for twenty years; but such possession must be unequivocally adverse to the mortgagor or those claiming under him.

ON REPORT.

The case appears in the opinion.

*Savage and Oakes*, for plaintiffs.

The effect of redemption from a mortgage is simply to extinguish the mortgage. Thomas Frisbee did not receive an assignment of the foreclosed mortgage, only a release from the mortgage, in accordance with the decree of the court granting redemption. This was all he was entitled to. *Lamb* v. *Montague*, 112 Mass. 352; *Lamson* v. *Drake*, 105 Mass. 564; *Union Inst. &c.*, v. *Hill*, 139 Mass. 47.

The statute of limitations does not reach this case. The lapse of twenty years furnishes a presumption of foreclosure, but it is only a presumption, and it is open to proof that no foreclosure was ever consummated. *McPherson* v. *Hayward*, 81 Maine, 329; *Knight* v. *McKinney*, 84 Maine, 107; Story Equity, § 1157.

It is admitted that the Lowry mortgage and note are still held by defendants, and have never been paid or foreclosed.

Defendants claim by adverse possession for twenty years. The burden is upon them to establish this title. Am. and Eng. Ency., Vol. 1, p. 303, and cases cited. And the proof must be clear and positive. *Ib.* p. 305. The presumption is that Thomas Frisbee took possession May 9, 1862, legally, and not tortiously; that he entered by virtue of his mortgage, and not as a disseizor. 3 Wash. R. P. 3d Ed. p. 129; *Means* v. *Willes*, 12 Met. 356, and cases; *Rung* v. *Shoneberger*, 2 Watts, 23 (26 Am. Dec. p. 102, and note).

Where a party is in actual possession and has a right to possession under a legal title which is not adverse, but claims possession under another title which is adverse, the possession will not in law be deemed to be adverse. 2 Stark. 657, (5th Ed.) *Nichols* v. *Reynolds*, 1 R. I., 30.

The last case was one in which the parties in possession were mortgagees, and were privy in estate with plaintiffs, and their possession under the mortgage was held not to be adverse. In order to make a possession taken under a legal title adverse, some decisive act or declaration is necessary. *Martin* v. *Jackson*, 27 Penn. St. 504; *McMasters* v. *Bell*, 2 Penn. St. 183;

*Bannon* v. *Brandon,* 34 Penn. St. 263 ; *McPherson* v. *Hayward,* 81 Maine, 329 ; *Silva* v. *Wimpenny,* 136 Mass. 253 ; *Jackson* v. *Lunn,* 3 Johns. Cas. 109 ; *Jackson* v. *Parker,* 3 Johns. Cas. 124 ; *McClasky* v. *Barr,* (Ohio,) 42 Fed. Rep. 609.

*Ira T. Drew and Geo. F. Haley,* for defendants.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

FOSTER, J. This is a bill in equity for redemption. The following statement is essential to an understanding of the case.

Joseph Frisbee, father of the complainants, on December 17, 1856, executed a mortgage to Joseph Seaward, to secure the payment of $786.50. April 2, 1857, he made another mortgage to secure the payment of $350 to John E. Lowry.

May 28, 1857, Joseph Seaward assigned his mortgage to Stillman B. Allen, and on the same day the mortgagor, Joseph Frisbee, by quitclaim deed released to Allen his right of redemption, and authorized him to take possession whenever he wished so to do.

June 24, 1857, Allen began a foreclosure of the Seaward mortgage by publication which was duly recorded.

March 28, 1860, Lowry assigned his mortgage to Thomas Frisbee, brother of the mortgagor, and the father of these respondents.

June 20, 1860, Thomas Frisbee, assignee of the second mortgage, brought a bill in equity against Allen, assignee of the first mortgage, for redemption of the same in order to protect his interest as second mortgagee. In that suit judgment was entered that the amount due Allen was $903.83, which sum was paid by Thomas Frisbee, June 5, 1861, but there was no assignment of the mortgage.

June 15, 1861, or ten days after payment of the amount due, Allen conveyed to Lydia Frisbee, mother of the complainants, all his right in equity to redeem the premises ; and as heirs of Lydia Frisbee these complainants claim the right to redeem. Joseph Frisbee, the mortgagor, died December 2, 1861, and

May 9, 1862, Thomas Frisbee took possession of the premises; and he and his heirs and assigns have ever since been in possession.

The respondents deny the right of the complainants to redeem upon two grounds: (1.) That by payment of the amount due upon the first mortgage in accordance with the decree of the court, Thomas Frisbee obtained the benefit of Allen's foreclosure by subrogation, and the title in him thereby became absolute. (2.) By adverse possession for more than twenty years.

We shall consider the first position briefly, for we think the facts in relation to adverse possession are decisive in relation to the rights of the parties.

I.   The right of redemption exists, not only in the mortgagor himself, but in every other person who has an interest in or a legal or equitable lien upon the premises mortgaged. It may be stated in general terms, that any one who has an interest in the premises, and who would be a loser by foreclosure, is entitled to redeem. Consequently, the complainants as heirs of Lydia Frisbee, to whom the equity of redemption was conveyed by Allen, had such an interest as would entitle them to redeem, if otherwise entitled to that right.

The time for redemption had nearly expired under the foreclosure of the senior mortgage held by Allen when Thomas Frisbee, under whom the respondents claim, brought his bill to redeem. Did the foreclosure continue to run and become perfected in the hands of Thomas Frisbee? We think not. There was no assignment of the mortgage while foreclosure was pending; had there been, the assignment would have carried with it the foreclosure and it would have become available in the hands of the assignee. *Hurd* v. *Coleman*, 42 Maine, 182. The mortgage was redeemed. The rights which the second mortgagee acquired arose by operation of law, and not by operation of any assignment made by the parties. And while those rights of subrogation were such as to entitle him to be reimbursed for the amount he had been compelled to pay to protect his interests as second mortgagee, in case his mortgage was redeemed, yet the

distinction between rights acquired by assignment or contractual relations between the parties, and those acquired by operation of law as in the present case, clearly exists, and is recognized by the courts. *Lamb* v. *Montague*, 112 Mass. 352, 353; *Butler* v. *Taylor*, 5 Gray, 455; *Ellsworth* v. *Lockwood*, 42 N. Y. 89, 97, 98; *Hubbard* v. *Ascutney Co.* 20 Vt. 402, 405; *Ætna Life Ins. Co.* v. *Middleport*, 124 U. S. 534, 549; *Memphis & Little Rock R. R.* v. *Dow*, 120 U. S. 287; *Shinn* v. *Budd*, 14 N. J. Eq. 234. Jones Mort. § 874.

The rights which were here acquired by the second mortgagee, arising by operation of law, entitled him to be subrogated to the rights of the first mortgagee, to hold the mortgage security without any assignment or act of transfer as *quasi* assignee, for the purpose of compelling contribution in case of redemption of his own mortgage. *Lamb* v. *Montague, supra.*

Allen did not treat the title which he acquired by quitclaim deed from the mortgagor and that which he held as mortgagee as merged, but conveyed that which he acquired by deed, independently of the mortgage, to the mother of these complainants, after payment to him of the amount due on his mortgage.

II. But notwithstanding the complainants, or their predecessor in title, may have been entitled to redeem upon payment of the amount of both mortgages, we think that right has been lost by adverse possession.

It is undoubtedly a well-settled rule that twenty years' possession by the mortgagee or his assigns, without an acknowledgment of a subsisting mortgage, operates as a bar to the right of redemption, unless he, or those succeeding to his rights can bring themselves within the proviso of the statute of limitations. *Philips* v. *Sinclair*, 20 Maine, 269; *McPherson* v. *Hayward*, 81 Maine, 329. And in equity, it is held that if the mortgagor, and those claiming under him, permit the mortgagee to hold the possession for twenty years without accounting, and without admitting that he holds only as mortgagee, his title becomes absolute. *Roberts* v. *Littlefield*, 48 Maine, 61.

In this case it clearly appears that the party claiming under

the second mortgage, Thomas Frisbee, entered into possession of the premises May 9, 1862, and that he and his assigns, including these respondents, have been in the undisturbed possession thereof for more than twenty-five years. He bought what he was advised was Allen's foreclosed mortgage. He talked with the family of Joseph Frisbee, the mortgagor, after Joseph's death, and tried to sell them a part of the premises in the winter of 1861 and 1862. He then decided not to part with any part of the land, ordered them off, and claimed he owned the place under the claim he had bought of Allen, and that they had no right there other than what he chose to give. He took possession and claimed to own the premises. He made repairs upon the buildings, and sold portions of the farm by warrantee deeds to different parties in 1862 and 1863. He occupied the premises from 1862 to the time of his death in 1882. The respondents continued to occupy as owners under their father from his death until this suit was commenced in 1889. No claim was made that Thomas Frisbee was not the owner when he entered in 1862 until 1887 when Ivory Frisbee, one of the complainants, claimed the right to redeem. He never accounted, nor acknowledged the right to redemption in the mortgagor or any other party.

From all the evidence we are satisfied that such possession was unequivocally adverse to the mortgagor and those claiming under him, and that upon well-settled principles their right of redeeming is legally barred. Jones on Mort. § 1144.

Nor do we think the evidence as to the mental condition of Lydia Frisbee, under whom the complainants claim, during such adverse possession, sufficient to warrant us in holding that this case falls within any proviso of the statute of limitations. There is some evidence, to be sure, indicating a mental weakness, but it is not such as satisfies us that she was insane, and therefore within the provisions of the statute.

　　　　　　　　　　　　　　　　*Bill dismissed with costs.*