ABRAHAM BERNSTEIN *vs.* PHILIP BLUMENTHAL.

Cumberland.  Opinion November 24, 1928.

394

*Israel Bernstein,* for plaintiff.
*Sherman I. Gould, Abraham Breitbard,* for defendant.

Sitting: Wilson, C. J., Philbrook, Dunn, Deasy, Barnes, Pattangall, JJ.

Wilson, C. J. In August, 1926, the defendant was the holder of several mortgages given by one Geisinger on certain real estate located on Spring Street in the city of Portland. On the junior mortgage, the defendant had foreclosed, the period of redemption expiring April 9, 1927.

The defendant, evidently assuming that the mortgagor might fail to redeem, authorized the plaintiff to procure a purchaser for the property when and if his title became absolute. A contract of sale negotiated by the plaintiff contained the following stipulation:

"It is further understood and agreed that in event that the owner of the equity of redemption redeems the Spring Street property, then and in that event, this contract shall be null and void and the parties released from any and all obligations thereunder."

In the latter part of March, 1927, the mortgagor and owner of

the equity of redemption with two others, who it later developed were to advance the money to take up the mortgages, called at the defendant's place of business and requested him to meet them at the office of an attorney named and his mortgages would be "taken up."

Upon an accounting as to the amount due, it appeared that the parties did not at that time have sufficient ready funds. A written agreement was entered into by which the defendant on April 12, 1927, or three days after the expiration of the equity of redemption, the mortgagor joining in the agreement and waiving his right of redemption, agreed, upon the payment of the amounts due under the mortgages, to convey the property to the parties advancing the money for the mortgagor, the parties advancing the money also entering into an agreement with the mortgagor to reconvey to him the property at any time within two years upon the payment of the sums so advanced, which the mortgagor agreed to pay.

After leaving the attorney's office, the defendant bethought himself of his contract of sale negotiated by the plaintiff under which he had agreed to convey unless the mortgagor redeemed from the mortgages, and fearful lest the transaction as above outlined might not relieve him from the obligation to convey, returned to the attorney's office and explained the circumstances.

An examination of the records at the Registry of Deeds disclosing attachments of the equity of redemption of the mortgagor, and fearful lest a discharge of the mortgages would give the attaching creditors a prior lien over any security of the mortgagor could give the parties advancing the money to take up the mortgages under Sec. 59, Chap. 86, R. S., it was arranged to have the mortgages assigned to the parties advancing the money, although the parties advancing the money would under the circumstances have been subrogated to the rights of the mortgagee. *Williams* v. *Libby*, 118 Me., 80; *Kinsley* v. *Davis*, 74 Me., 498; *Kelley* v. *Jenness*, 50 Me., 455; 27 Cyc., 1435, 1438.

The plaintiff then brought this action to recover his commission as a broker in negotiating the conditional contract of sale in August, 1926, claiming that as there had been no discharge of the mortgage on the record, but an assignment, and the period of redemption having expired, there had been no redemption of the mortgage within the contemplation of the parties to the contract

of sale, and, therefore, the plaintiff was entitled to his commission as a broker.

The cause was first referred to a referee who made a report finding the above facts and submitting to the court the question of whether there had been a redemption as a matter of law.

The judge below ruled *pro forma* that there had been a redemption of the mortgage as a matter of law and ordered judgment for the defendant. To this ruling, the plaintiff took exceptions. We think the exceptions must be overruled.

Under the stipulations in the bill of exceptions, the issue is determined by the intention of the parties to the contract of sale as to what they had in mind by the provision above quoted excusing performance.

In construing this provision, the Court receives no aid from the entire contract, it not being made a part of the bill of exceptions, and we must, therefore, assume it throws no light upon it; nor is any assistance afforded by evidence of an interpretation by the parties themselves. The provision must speak for itself.

We are not impressed, however, with the view that only a payment and discharge of the mortgage, or a redemption only under circumstances under which the defendant could be compelled to discharge the mortgage was contemplated. Such a construction imputes an intent to the parties to the contract of sale to take every advantage of the mortgagor's necessities.

While the bill of exceptions does not in terms set forth that the agreement that the assignees would reconvey to the mortgagor upon the payment of the sums due upon the mortgages was to continue under the new arrangements, it is a fair inference from the facts set forth.

To redeem, according to the authorities, is to repurchase. *Re edemptio.* See *Webster's Dic.; Bouvier's Law Dic.; Black's Law Dic.; Words and Phrases, Title, Redeem; Bunn* v. *Braswell,* 142 N. C., 113 ; *Cold* v. *Beh,* 152 Ia., 368 ; *Mannington* v. *Hock. Val. R. Co.,* 183, Fed. R., 133, 145 ; *Maxwell* v. *Foster,* 67 S. C., 377, 390 ; *Miller* v. *Ratterman,* 47 Ohio St., 141, 156.

It is clear from the statement of facts contained in the bill of exceptions that the intent of the parties to the transaction in March, 1927, was that the mortgage debt to the defendant was to be paid

and the mortgage "taken up" for the benefit of the mortgagor. If the mortgagor or the parties advancing the money could not have compelled an assignment, *Lumsden* v. *Manson,* 96 Me., 357, the mortgagee could have been compelled to deliver up the mortgage note and mortgage uncancelled. *Jones on Mortgages,* 8th Ed., Vol. II, Secs. 1003-4, 1391.

As one person may purchase land and take title in the name of a third person who will hold the title in trust, so, too, a mortgagor may cause a mortgage debt to be paid and by agreement the mortgaged premises may be released, or the mortgage assigned to the parties providing the funds, who will hold the title in trust for the benefit of a mortgagor who has become obligated to repay the mortgage debt to the party advancing the funds, or the period of redemption be held to be extended. In any event, the rights of the mortgagor will be protected in a court of equity. 42 Cyc., 377 ; *Joiner* v. *Duncan,* 174 Ill., 252 ; *Herlihy* v. *Coney et al.,* 99 Me., 469 ; *Anderson* v. *Gile,* 107 Me., 325.

A junior mortgagee redeeming from a senior mortgagee by paying the amount due, may, if equity requires, compel an assignment of the mortgage to himself, or he may, even though the mortgage be discharged, be held to be subrogated to the rights of the senior mortgagee. *Williams* v. *Libby,* 118 Me., 80 ; 19, R. C. L., 479. So, too, there are other circumstances under which a court of equity upon redemption may compel an assignment. *Jones on Mortgages,* 8th Ed., Vol. II, Secs. 1004, 1391 ; 19 R. C. L. 482 ; *Heisler* v. *Aultman,* 56 Minn., 454.

The element of an absolute discharge of the mortgage, therefore, is not essential to constitute a redemption in contemplation of law, nor are circumstances under which the mortgagee can be compelled to discharge the mortgage. If a mortgagor is able to arrange for or cause the mortgage debt to be paid and by agreement the premises are released to a third party for the mortgagor's benefit, it constitutes a redemption as to the mortgagee, and by the mortgagor, though the property be not directly conveyed to the mortgagor or the mortgage discharged in accordance with Sec. 31 of Chap. 95, R. S.

Therefore, whether in this instance the mortgage had been paid at the request of the owner of the equity and discharged and the

parties advancing the funds subrogated to the right of the defendant ; or the defendant had delivered up the mortgage note and mortgage uncancelled as he could have been compelled to do ; or to accomplish the same purpose the mortgage and note were assigned to the parties advancing the money to be held for the benefit of the owner of the equity ; it amounted to a redemption by the owner of the equity within the meaning of the parties to the contract of sale. To hold otherwise would impute to the parties to the contract of sale an unconscionable intent.

*Exceptions overruled.*