## First Vermont Bank & Trust Company v. Anastasias Kalomiris, Thunder Road Enterprises, Inc., et al.

[418 A.2d 43]

No. 343-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 18, 1980

*McKee, Giuliani & Cleveland,* Montpelier, for Kalomiris.

*Abare, Donaghy & Nicholls, P.C.,* Barre, for Thunder Road Enterprises, Inc.

**Hill, J.** Defendant, Thunder Road Enterprises, Inc. (TRE), owned property in the Town of Barre on which plaintiff, First Vermont Bank and Trust Company, held a first mortgage. On January 30, 1978, TRE sold the property to defendant, Kalomiris, who assumed TRE's first mortgage to plaintiff, and who gave a second mortgage on the same property to TRE. Kalomiris subsequently defaulted on both mortgages.

On November 30, 1978, plaintiff commenced an action to foreclose Kalomiris' equity of redemption in the premises. In its petition, plaintiff named both Kalomiris and TRE as defendants. The lower court issued a judgment of foreclosure that provided that Kalomiris was to redeem on or before August 13, 1979, or else "said Anastasias Kalomiris and all persons claiming under him shall be foreclosed and forever barred from all equity of redemption on the premises." The judgment further provided that if Kalomiris failed to redeem, TRE could redeem on August 14, 1979.

Kalomiris failed to redeem by the date specified. On August 14, 1979, TRE redeemed, and the court issued a certificate of redemption which permitted TRE to apply for a writ of possession. Three days later, Kalomiris moved for relief from that part of the certificate of redemption that granted possession to TRE. The court granted the motion and struck the part of the certificate which stated that TRE "may have a writ of possession of the premises." It is from this order that TRE appeals.

TRE argues that the failure of Kalomiris to redeem the premises pursuant to the terms and conditions of the judgment of foreclosure coupled with TRE's subsequent redemption terminated all of Kalomiris' right, title and interest in the property. As a result, TRE claims that it was entitled to a writ of possession under 12 V.S.A. § 4528, which states, in part: "If the premises are not redeemed agreeably to the decree, the clerk of the court may issue a writ of possession." We disagree.

Kalomiris' equity of redemption would have been forever foreclosed had TRE or one of the other named defendants not redeemed. *Ward* v. *Seymour*, 51 Vt. 320, 324 (1878). But when TRE, as second mortgagee, redeemed the premises it was a satisfaction of the judgment of foreclosure, and TRE became by operation of law subrogated to the rights of First Vermont Bank in the mortgaged property. *Id.* See also *Phelps* v. *Root*, 78 Vt. 493, 498–99, 63 A. 941, 942 (1906); *Wheeler* v. *Willard*, 44 Vt. 640, 644–45 (1871); *Bullard* v. *Leach*, 27 Vt. 491, 495 (1854). In effect, TRE became first mortgagee, as well as second mortgagee, because when the judgment of foreclosure was satisfied it had the consequence of "keep[ing] the mortgage on foot." *Wheeler* v. *Willard, supra*, 44 Vt. at 644. Therefore TRE was not entitled to a writ of possession, since it did not foreclose on Kalomiris' equity of redemption, either by cross claim in the original foreclosure action or by an independent action. *Ward* v. *Seymour, supra.*

It should be noted that while many of the older cases speak in terms of the second mortgagee becoming an assignee in equity on redemption, see *Ward* v. *Seymour, supra; Wheeler* v. *Willard, supra; Bullard* v. *Leach, supra,* further examination reveals that the Court actually was referring to the doctrine of subrogation, not assignment. Subrogation is an equitable doctrine that arises by operation of law, while assignment is a volitional transaction between parties. See 9 G. Thompson, Real Property § 4800 (1958 repl.) (citing *Ward* v. *Seymour, supra,* at 610 n.36). In this case, had there been an assignment of the mortgage from First Vermont Bank to TRE while the foreclosure was pending, "the assignment would have carried with it the foreclosure, and it would have become available in the hands of the assignee." *Frisbee* v. *Frisbee*, 86 Me. 444, 447, 29 A. 1115, 1116 (1894). Because no such assignment was

made, however, TRE could not take advantage of First Vermont's foreclosure. And, as noted above, since it did not foreclose on Kalomiris' equity of redemption on its own, it was not entitled to a writ of possession.

*Affirmed.*