**QUECHEE LAKES CORPORATION**

v.

**L.E. BOESKE ASSOCIATES, INC.**

No. 1:96CV107.

United States District Court,
D. Vermont.

Aug. 5, 1996.

Christopher O'Connor Reis, Hull, Webber & Reis, Rutland, VT, for Quechee Lakes Corp.

John Joseph Kennelly, Carroll, George & Pratt, Rutland, VT, for L.E. Boeske Associates, Inc.

### RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

(papers 12 and 16)

MURTHA, Chief Judge.

In the instant suit, the parties ask the Court to determine whether the assignment of an interest in a condominium prior to the recording of a decree of foreclosure triggers a condominium's right of first refusal. The parties have stipulated to the following facts.

Quechee Lakes Corporation (hereinafter "Quechee") and Merrill G. Davis owned a condominium at the Quechee Lakes Development in Hartford, Vermont (hereinafter "the property"). In conjunction with the purchase of the property, on June 30, 1988, Davis executed a promissory note in favor of Marble Bank in the principal amount of $100,000. Both Davis and Quechee executed a first mortgage which secured the note. In addition, Quechee held a mortgage on Davis' one-half interest in the property which was

subordinate and junior to the first mortgage held by Marble Bank.

Davis defaulted on the note and mortgage, and Marble Bank instituted a foreclosure action in Windsor Superior Court. On January 26, 1994, the court entered a judgment order and decree of foreclosure in favor of Marble Bank. On May 9, 1994, the court amended the judgment to establish June 1, 1994 as the date upon which Davis' redemption period would expire.

On May 31, 1994, David filed a Chapter 13 petition for bankruptcy. On June 28, 1994, Marble Bank assigned the note and mortgage, its rights under the judgment, to WAMCO X Ltd. On February 13, 1995, the Bankruptcy Court granted WAMCO X Ltd. relief from the automatic bankruptcy stay.

On April 12, 1995, the Windsor Superior Court entered a second amendment to its judgment. Under the terms of the amended judgment, Davis and Quechee had until April 10, 1995 [sic] to redeem their interest in the property. All other defendants in the foreclosure action had until April 11, 1995 to redeem. Ultimately, none of the parties to the foreclosure action redeemed.

On May 4, 1995, WAMCO X, Ltd. assigned its interest in the mortgage and property to defendant L.E. Boeske Associates, Inc. (hereinafter "Boeske"). On May 11, 1995, WAMCO X, Ltd. filed a notice of substitution of Boeske as a party with the Windsor Superior Court. Also on May 11, the Clerk of the Windsor Superior Court issued a Certificate of Non–Redemption and Writ of Possession which provided that Boeske, as assignee of Marble Bank and WAMCO X, Ltd., should have possession of the property. The Certificate was promptly recorded on the Hartford Land Records.

On October 18, 1995, Boeske entered into a purchase and sale agreement with Brendan and Patricia Shea. That day, Boeske forwarded a copy of the contract to Quechee so as to alert Quechee of its right of first refusal as provided in the property's restrictive covenants. However, Quechee neither exercised its right of first refusal nor did it provide a written release of its right of first refusal for the proposed sale.

On January 5, 1996, Quechee sent Bisque a letter by which it purported to exercise its right of first refusal. In relevant part, the letter states:

> Pursuant to the right of first refusal contained in the conveyance covenants running with the land at Quechee Lakes, Quechee Lakes Corporation wishes to exercise the right of first refusal concerning the conveyance from WAMCO to Le Boeske [sic].

> As you are aware, the notification of the conveyance was never made to Quechee Lakes Corporation as required by the covenant. As a result, Quechee Lakes Corporation was never provided with the opportunity to exercise the right of first refusal, or waive the same.

As a result of plaintiff's actions, the Sheas did not purchase the property from Boeske.

The dispositive question is whether WAMCO X Ltd.'s assignment of its rights to Boeske is a conveyance which triggered plaintiff's right of first refusal. The covenant at issue provides:

> The grantee covenants that the land conveyed herein shall not be conveyed without firs[t] notifying the grantor in writing of his intentions to convey the land, and the price and terms of conveyance, and offering in writing to convey said land to the grantor at the same price and on the same terms.

Paper 12 at Exhibit K.

According to Black's Law Dictionary, Sixth Edition at 333, to "convey" means "to transfer or deliver to another;" "[u]sed popularly in the sense of 'assign', 'sale', or 'transfer'." Black's definition of "conveyance" is also instructive:

> In its most common usage, transfer of title to land from one person, or class of persons, to another by deed. Term may also include assignment, lease, mortgage or encumbrance of land. Generally, every instrument in writing by which an estate or interest in the realty is created.

*Id.* Accordingly, the plain language of the restrictive covenant at issue required WAMCO X, Ltd. to notify the plaintiff of its right

of first refusal when it conveyed its interest in the subject property to defendant Boeske.

Citing 12 V.S.A. §§ 4529 and 4530, the defendant contends that the assignment did not trigger plaintiff's right of first refusal because title to the property did not vest in Boeske until May 11, 1995, when the Windsor Superior Court's Certificate of Non–Redemption and Writ of Possession was recorded on the land records. Section 4529 requires the party obtaining a foreclosure to record a certified copy of the judgment. Section 4530 provides that, foreclosure itself does not transfer title as against subsequent purchasers, mortgagees or attaching creditors unless a copy of the decree is recorded.

Neither of these statutes nullify the fact that, when WAMCO X, Ltd. assigned its interest in the property to the defendant, it performed a conveyance and triggered plaintiff's right of first refusal. *Cf. First Vermont Bank & Trust Co. v. Kalomiris,* 138 Vt. 481, 418 A.2d 43, 44–45 (1980)("[H]ad there been an assignment of the mortgage from First Vermont Bank to TRE while the foreclosure was pending, the assignment would have carried with it the foreclosure, and it would have become available in the hands of the assignee.") (citation and quotations omitted). At the time of the assignment, WAMCO did not simply assign a mortgage; it assigned an inchoate right of ownership. *See* Paper 12 at Exhibit G ("Assignment of mortgage" includes assignment of "the Judgment Order and Decree of Foreclosure ...."); *see also Stowe Center, Inc. v. Burlington Savings Bank,* 141 Vt. 634, 451 A.2d 1114, 1115 (1982)("Under Vermont law if no one redeems foreclosed property within the prescribed period, the foreclosing mortgagee, ... obtains full and complete title ....")

The scenario here is unique. However, it is important to note the "assignment" at issue was not an ordinary mortgage assignment made prior to the expiration of the redemption period. Here, the redemption period had expired and the assignor, who purported to transfer both the mortgage interest and the decree of foreclosure, only needed to attend to a statutory filing requirement to complete its title. Accordingly, regardless of the fact that WAMCO X, Ltd.

and Boeske characterized their agreement as an "assignment," the transaction at issue constituted a conveyance of a property interest, not merely an assignment of a mortgage. For this reason, the plaintiff was entitled to the opportunity to exercise its right of first refusal.

The plaintiff's Motion for Summary Judgment is GRANTED. The defendant's Motion for Summary Judgment is DENIED and its counterclaims, which are based upon the plaintiff's alleged wrongful exercise of its right of first refusal, are DISMISSED.

SO ORDERED.