2001 ME 43

UNION TRUST

v.

Lisa MACQUINN–TWEEDIE et al.

Supreme Judicial Court of Maine.

Argued: Jan. 9, 2001.
Decided: March 5, 2001.

Louis H. Kornreich, Esq., (orally), James S. Nixon, Esq., Gross, Minsky & Mogul, P.A., Bangor, for plaintiff.

Peter R. Roy, Esq., (orally), Roy, Beardsley, Williams & Granger, LLC, Ellsworth, (for MacQuinn–Tweedie et al.), Stephen P. Beale, Esq., (orally), Skelton, Taintor & Abbott, P.A., Auburn, (for Skelton, Taintor & Abbott), John A. McArdle III, Esq., (orally), Campbell & McArdle, P.A., Portland, (for M.O.M. Corp. et al.), William W. Willard, Esq., (orally), Bernstein, Shur, Sawyer & Nelson, P.A., Portland, (for Guardian Trust), Roger G. Innes, Esq., Mt. Desert, (for Holly Parker), Brent A. Slater, Esq., Bangor, (for Ocean Properties), for defendants.

Panel: WATHEN, C.J., and DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] M.O.M. Corporation and Main Street Associates, the holders of an option, and other parties claiming by, through, or

under them, appeal from a judgment of foreclosure and order of sale entered in the District Court (Bar Harbor, *Staples, J.*) in favor of the mortgagee, Union Trust, and against the mortgagor, Lisa Mac-Quinn–Tweedie. Guardian Trust, an attaching creditor, appeals from the court's denial of its motion to reconsider its finding that Guardian Trust was not a party in interest. We modify the judgment to include Guardian Trust as a party-in-interest, and as modified, we affirm.

[¶ 2] The relevant facts may be briefly summarized as follows: The option holders received an option to purchase certain real property that was subject to a mortgage held by Union Trust. Union Trust brought an action to foreclose on the mortgaged premises. The court denied the option holder's request to order Union Trust to assign the mortgage to them in return for payment of the balance due on the mortgage, plus attorney fees, or to sell the optioned premises separate from the rest of the mortgaged premises in the event of a public foreclosure sale.

[¶ 3] The dispositive issues raised by the option holders on appeal are: (1) whether they are the legal equivalents of junior mortgagees for purposes of compelling redemption and assignment pursuant to 14 M.R.S.A. § 6205 (1980);[1] and (2) whether their option survives the foreclosure and continues as a unilateral right to purchase the optioned premises. Both contentions are without legal support.

[¶ 4] We review a trial court's construction of a statutory scheme as a matter of law. *See U.S. Dep't of HUD v. Union Mortgage Co., Inc.*, 661 A.2d 163, 165 (Me.1995). "The statutory civil fore-closure procedure preserves two fundamental rights to a junior mortgagee: the right to redeem the property from the senior mortgagee and the right to participate in a public foreclosure sale and to receive any surplus proceeds after the senior mortgage has been satisfied." *Id.; see also* 14 M.R.S.A. §§ 6205, 6321–6325 (1980 & Supp.2000); *Frisbee v. Frisbee*, 86 Me. 444, 447, 29 A. 1115, 1116 (1894) (stating that any one who has an interest in mortgaged premises, and would be a loser by foreclosure, is entitled to redeem). It also provides the court with discretion to order assignment of the mortgage to the junior mortgagee if certain conditions are met. 14 M.R.S.A. § 6205; *see also Bernstein v. Blumenthal*, 127 Me. 393, 397, 143 A. 698, 699 (1928) (finding that a junior mortgagee redeeming from a senior mortgagee may also compel assignment of a mortgage if equity requires). The plain language of section 6205 is limited to junior mortgagees. Neither at law nor in equity is the holder of an option the functional equivalent of a mortgagee. Unlike a mortgagee, an optionee has no interest in the land. An option " 'is nothing more than an irrevocable and continuing offer to sell and conveys no interest in land to the optionee.' " *DiPietro v. Boynton*, 628 A.2d 1019, 1023 (Me.1993) (citation omitted). Because the option is a contractual right derived from the mortgagor, it does not survive the foreclosure. The optionees' remaining contentions do not warrant discussion.

[¶ 5] As for Guardian Trust's argument, we note that all parties concede that Guardian Trust has an attachment against the premises and is a party in interest. As

---

1. The statute affording rights to junior mortgagees reads, in pertinent part:

   If the court, upon hearing, shall be of the opinion that the owner of such prior mortgage will not be injured or damaged in his property matters and rights by such assignment, and that such assignment will better protect the rights and interests of the owner of such subsequent mortgage, and that the rights and interests of any other person in and to the same real estate, or any part thereof, will not be prejudiced or endangered thereby, the court, in its discretion, may order and decree that such prior mortgage and the debt thereby secured shall be assigned by the owner thereof to the owner of such subsequent mortgage upon his making payment.

   14 M.R.S.A. § 6205 (1980).

such, it has the right to receive surplus proceeds after the payment of the prior mortgages and should have been included in the list of priority claimants in the judgment of foreclosure and order of sale. 14 M.R.S.A. § 6321 (Supp.2000).

The entry is:

Judgment amended to include Guardian Trust as a party in interest. As modified, the judgment is affirmed.