EUGENE WALLACE V. JAMES MCBRIDE ET AL.

[See 48 Mich. 387; 61 Id. 437.]

*Mortgage foreclosure—Redemption—Subrogation.*

Upon the facts stated in the opinion, complainant, who, while holding a mortgage as assignee which had been fraudulently obtained by his assignor, redeemed from a foreclosure sale of the land under a prior mortgage, is held not entitled to be completely subrogated to the rights of the mortgagee, but to be entitled to the sum paid, but without interest, for reasons stated in the opinion.

Appeal from Shiawassee. (Newton, J.) Argued May 3, 1888. Decided June 15, 1888.

Bill to foreclose a lien claimed by reason of the redemption of mortgaged premises. Complainant, and defendants McBride and Storrs, appeal. Decree affirmed except as to interest allowed complainant, which is to date from filing of opinion. The facts are stated in the opinion, and in 48 Mich. 387; 61 Id. 437.

*James M. Goodell,* for complainant.

*G. R. Gold* (*A. R. McBride*, of counsel), for defendants, contended:

1. A wrong-doer can never avail himself of the privilege of subrogation and a volunteer can rarely do so; citing *Acer v. Hotchkiss*, 97 N. Y. 395; *Shinn v. Budd*, 14 N. J. Eq. 234; and, on the question of subrogation generally, cited Pomeroy, Eq. Jur. § 1212; *Kelly v. Kelly*, 54 Mich. 47.

MORSE, J.   In 1876, Charles E. Savage and wife executed a mortgage for $700 to Carlos Packard upon certain premises in Shiawassee county, payable in five years from date, with interest at 10 per cent., payable annually.   In the same year Packard assigned this mortgage to Spencer H. McCurdy, who, on July 14, 1881, commenced foreclosure of the same by advertisement.   October 8, 1881, the premises were sold on such foreclosure, and bid in by Hugh McCurdy for $958.89, and a deed executed to him by the sheriff, and placed on record.

October 1, 1878, the defendant George G. Hughes purchased the premises of the defendant James R. Storrs, and gave to him a mortgage in part payment of the purchase price.   This mortgage came into the hands of John Wallace, a brother of the plaintiff, Eugene Wallace.   Storrs filed a bill to set aside the assignment to John Wallace, claiming fraud.   The case finally reached this Court, and it was here decreed that John Wallace must assign the mortgage back to Storrs.   See *Storrs v. Scougale*, 48 Mich. 387 (12 N. W. Rep. 502).   After this decision it was ascertained that John Wallace had assigned the Hughes mortgage to the plaintiff, Eugene Wallace, on February 19, 1880.   Storrs was then forced to file a bill against Eugene Wallace; he not being a party to the first suit.   This he did, making John Wallace also a party defendant.   The history of this case will be found in *Storrs v. Wallace*, 61 Mich. 437 (28 N. W. Rep. 662).

While Eugene Wallace was holding this assignment, and on

October 7, 1882, he redeemed the premises from the Packard mortgage by paying to the register of deeds the sum of $1,054.78.    Twenty-five dollars of this amount was attorney fee, and paid under protest.    It appeared from the record that no other person offered to redeem the premises; and, if Wallace had not done so, the title would have passed to Hugh McCurdy under the foreclosure.    But it is claimed by the defendants, and testimony was given tending to show, that arrangement was made by the defendant Storrs with the defendant McBride to redeem from the sale; but, owing to the refusal of the complainant to assign the Hughes mortgage to Storrs, he did not feel secure in paying up the Savage mortgage, and for that reason did not do so.

When the decree was rendered in the court below in the case of *Storrs v. Wallace,* the circuit judge, Hon. William Newton, found that, Wallace having paid this money for the protection of the premises, he was equitably entitled to it, and to hold the same as a lien upon the land, less the attorney fee.    So far as this portion of the decree is concerned, it was affirmed in this Court.    See *Storrs v. Wallace, supra.*    The decree of Judge Newton, which was dated May 11, 1885, provided that the Wallaces should assign the Hughes mortgage to Storrs, but that—

"Said assignment shall not affect any right said Eugene Wallace may have acquired in the land described in said mortgage by virture of a prior mortgage given on said land to Packard, and assigned by said Packard to McCurdy, and by him foreclosed, and from such foreclosure redeemed by said Eugene Wallace; said Eugene Wallace to receive nothing for any attorney fee paid on such redemption."

July 9, 1886, Wallace delivered an assignment of the Hughes mortgage to Storrs.    This assignment contained the following clauses:

"Said assignment, however, not to affect any right said Eugene Wallace may have acquired by virtue of a prior mortgage given on said land to Packard, afterwards assigned

to and foreclosed by Hugh McCurdy, redeemed by said Wallace;" and, "not intending, however, to release the right to said land and lien thereon acquired by me by virtue of said redemption of said Packard mortgage mentioned in said decree, and which I claim to be a prior lien on said land to said mortgage hereby assigned."

The defendant James McBride holds the assignment of the Hughes mortgage, and on January 13, 1887, acquired the legal title to the land.

On the same day, Eugene Wallace filed his bill in this cause to foreclose the lien held by him under his redemption of the premises from the sale under the Packard mortgage. He claims that he is entitled to 10 per cent. interest upon the amount paid by him, less the attorney fee, from the date of such payment, that being the rate of interest specified in the mortgage. He insists that by such payment he became subrogated to all the rights of the holder of the mortgage, and holds the same lien that the mortgage would represent or evidence if the same had not been discharged by his payment.

The defendant McBride defended on the grounds—

1. That Eugene Wallace, being a fraudulent holder of the Hughes mortgage at the time he redeemed the premises from the Packard mortgage, was not entitled to subrogation, and had no lien upon the land.

2. In any event, the complainant was only entitled to legal interest—7 per cent.—upon the amount claimed, and that on or about January 15, 1887, a full tender of the amount paid by Wallace, with interest at 7 per cent., and the costs of suit to that date, was made by the defendant McBride to Wallace, and by him refused.

3. This tender destroyed the lien, if any existed, but, if it did not, it stopped the running of interest from the date of such tender.

4. Complainant is entitled to no interest, because of his inequitable and unjust conduct in keeping secret the assignment of the Hughes mortgage to him by John Wallace during the pendency of the case of *Storrs v. Scougale*, and in refusing, after the decree in that case, to assign the same to

Storrs, and thus forcing said Storrs to another suit (*Storrs v. Wallace*), at great expense, to enforce his right to the Hughes mortgage, during which period of six or seven years interest was running upon his lien.

The court below found a sufficient and legal tender of the amount due upon the lien, and the costs of suit, by the defendant McBride to the complainant, but retained the complainant's lien upon the land, allowing him 7 per cent. interest from the date of his payment to the date of the tender, and adjudged that the defendant McBride should pay the amount tendered, $1,355, to said complainant, within 30 days after the filing of the decree; and, if not paid within that time, said amount should draw 7 per cent. interest from date of the decree, and the premises should be sold, in the usual manner of foreclosure sales in chancery, at any time after January 14, 1888.

Both parties appealed from this decree. The defendant claims that the bill should be dismissed, or, at best, no interest should be allowed upon the amount paid to redeem the land.

The complainant contends that there was no valid tender of enough to cover the amount of money due him, computing the interest at 7 per cent., but that he is entitled to 10 per cent. interest from the beginning.

We are satisfied that the decree of the court below is as near equity as possible under the circumstances, except in the matter of interest. The complainant is not entitled to be completely subrogated to the rights of the mortgagee under the Packard mortgage, by his redemption of the same. His standing in this case is not upon the redemption, as of one who had a right to redeem. His rights are based entirely upon the fact that he paid $1,029.78 for the benefit of Storrs. If he had not paid it, Storrs, or some one in his behalf, must have paid it, or lost the land. By this payment the premises were saved to Storrs, and it matters not what the *animus* of

Wallace was,—the result was, nevertheless, a benefit to Storrs for the amount paid. It was so much money paid for the use and benefit of Storrs, and in equity it was the duty of Storrs to refund it to him. But he was not obliged to pay upon this money, under any event, any more than legal interest, the same as the law would attach to money loaned without any contract as to the rate of interest.

Under the circumstances of this case, however, we do not consider that Wallace is now entitled to any interest upon this $1,029.78. He who seeks equity must do equity. If it had not been for this secret assignment to Eugene Wallace, and his refusal to discharge the mortgage he held under this fraudulent assignment, the defendant McBride might have, through his arrangement with Storrs, himself discharged the lien of the Packard mortgage. By reason of the fraudulent and vexatious conduct of Wallace, he was not only precluded from so doing, but was compelled to wait until Storrs could litigate in all the courts a second time the right to have the premises freed from the Hughes mortgage. It is right that Wallace, because of this conduct, should lose his interest, and it would not be equitable that Storrs and McBride should pay interest upon a debt which they have been prohibited from paying by the fraudulent acts of Wallace.

It follows, therefore, that the tender by McBride was more than sufficient. We are satisfied that he made all reasonable efforts to pay Wallace, and the complainant is alone at fault in losing this interest. If he had been so disposed, he might have received his money, and interest at 7 per cent. and saved the expense of this suit besides.

The decree of the court below will be affirmed in part. The defendant McBride must pay to Wallace the sum of $1,029.78, less the costs of both courts to be taxed in favor of McBride. This sum will remain a lien upon the land until paid. The same must be paid within 90 days from the date of the taxation of costs. If not paid within that time,

the sale of the premises to enforce the lien will take place, as provided in the decree of the court below, at any time after October 15, 1888. The complainant will be entitled to interest on $1,029.78 from the date of the filing of this opinion.

The defendant McBride will recover his costs in both courts, to be deducted from the $1,029.78, as before stated.

SHERWOOD, C. J., and CHAMPLIN, J., concurred. CAMPBELL and LONG, JJ., did not sit.