SENTERS v OTTAWA SAVINGS BANK, FSB

Docket No. 133859. Submitted February 4, 1992, at Grand Rapids.
    Decided August 5, 1992; approved for publication September 30,
    1992, at 9:10 A.M. Leave to appeal granted, 442 Mich —.

    Michele Senters brought an action in the Kent Circuit Court
    against Ottawa Savings Bank, FSB, seeking discharge of a
    mortgage and damages for slander of title. The plaintiff's
    predecessors in interest were the mortgagors, and the defen-
    dant's predecessors in interest were the mortgagees. The defen-
    dant, who purchased the property at a mortgage foreclosure
    sale and subsequently redeemed the property from a prior
    construction lien foreclosure, counterclaimed, alleging in part
    that it was entitled to an equitable lien on the premises in the
    amount it expended to redeem the property from the construc-
    tion lien foreclosure, despite the plaintiff's tender of the
    amount bid at the mortgage foreclosure sale plus accrued
    interest. The interest of the purchaser at the construction lien
    foreclosure sale was superior to that of the plaintiff and the
    defendant. The court, H. David Soet, J., granted summary
    disposition for the defendant, finding it entitled to an equitable
    lien. When the plaintiff failed to pay the defendant the amount
    of the lien within the period provided by the court, a judgment
    was entered, requiring the defendant to return the amount
    tendered by the plaintiff and declaring the defendant to be the
    fee owner of the property. The plaintiff appealed.

    The Court of Appeals held:

    1. The foreclosure by advertisement statute, MCL 600.3240(2);
    MSA 27A.3240(2), does not require the plaintiff to pay the costs
    incurred by the defendant in discharging senior liens as part of
    the plaintiff's mortgage foreclosure sale redemption payment.
    However, the defendant is entitled to an equitable lien on the
    property for the amount expended in extinguishing the con-
    struction liens, which preserved the plaintiff's and the defen-
    dant's interests and increased the property's value.

    2. The slander of title claim is without merit because the

REFERENCES
Am Jur 2d, Mortgages §§ 864 et seq.
See the Index to Annotations under Foreclosure; Mortgages; Re-
demption.

defendant did not file a lien on the property, but is entitled to an equitable lien.

Affirmed.

MORTGAGES — LIENS — EQUITY — FORECLOSURES — REDEMPTION.

A purchaser at a mortgage foreclosure sale is entitled to an equitable lien on the property where, following the sale and before the redemption period expires, it also discharges senior liens on the property, thereby preserving its interests and those of the mortgagor; to redeem the property, the mortgagor must pay the purchaser the mortgage foreclosure bid amount plus interest and the amount the purchaser paid to extinguish the senior liens plus interest.

*Sherman H. Cone,* for the plaintiff.

*Varnum, Riddering, Schmidt & Howlett* (by *Thomas A. Hoffman*), for the defendant.

Before: MACKENZIE, P.J., and WEAVER and R. B. BURNS,* JJ.

PER CURIAM. Plaintiff appeals as of right from the circuit court's October 1, 1990, judgment declaring defendant, Ottawa Savings Bank, FSB, the fee owner of certain real property located in Kentwood, Michigan. We affirm.

The stipulated facts in this case indicate that on May 31, 1984, Paul J. Farmwald and Yvonne K. Farmwald executed a mortgage on the property in favor of Lambrecht & Company. Also on May 31, 1984, Lambrecht & Company assigned its mortgagee's interest to Ottawa Savings and Loan (now Ottawa Savings Bank, FSB). During their ownership, the Farmwalds incurred several construction liens that were filed on the property. Subsequently, they conveyed their fee interest, subject to the mortgage, to Cross Pointe, Inc.

On or about February 25, 1988, Cross Pointe,

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Inc., conveyed a less-than-fee interest in the property to plaintiff by an unrecorded land contract. On June 8, 1989, the property was sold at a construction lien foreclosure sale to Rand Development for $13,500.05. Rand's interest in the property was superior to that of Cross Pointe, Inc., plaintiff, or defendant. The construction lien redemption period ended four months after the date of the sale. On September 15, 1989, Cross Pointe, Inc., conveyed to plaintiff a fee interest in the property by quit-claim deed that was recorded on March 13, 1990.

Defendant subsequently foreclosed on its mortgage and, on August 24, 1989, purchased the property at a mortgage foreclosure sale for $52,286.59. The resulting sheriff's deed to defendant was recorded on August 30, 1989. The statutory redemption period was six months from the date of the sale. On October 6, 1989, defendant redeemed the property from the construction lien foreclosure sale for $14,037.05. The redemption amount included the construction lien foreclosure sale bid amount of $13,500.05 plus $537 in interest. Defendant, on December 5, 1989, filed a "notice of interest in real property," stating that a proper redemption from the mortgage foreclosure sale required the redeeming party to tender the mortgage foreclosure bid amount plus interest plus the amount paid by defendant to redeem the property from the construction lien foreclosure sale.

On February 23, 1990, plaintiff, intending to redeem the property, tendered to defendant two certified checks totaling $54,896.45, representing the amount defendant bid at the mortgage foreclosure sale plus accrued interest, but which did not contain any amount paid by defendant in redeeming the property from the construction lien foreclo-

sure sale. Defendant held plaintiff's checks but refused to allow plaintiff to redeem the property.

On April 5, 1990, plaintiff commenced this action, seeking to have the mortgage discharged and also seeking damages for slander of title. Defendant counterclaimed on the ground that it was entitled to possession of the property because the time for redemption had expired or, alternatively, that it was entitled to an equitable lien on the premises in the amount it expended to redeem the property from the construction lien foreclosure. Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(7) (the claim was barred because of payment), MCR 2.116(C)(9) (failure to state a valid defense), and MCR 2.116(C)(10) (no genuine issue of material fact). Defendant also moved for summary disposition pursuant to MCR 2.116(C) (10).

The trial court denied plaintiff's motions and granted defendant's, holding that defendant was entitled to a lien upon the property for $14,037.05 plus interest, the amount defendant paid to redeem the property from the construction lien foreclosure sale. The court ordered that if plaintiff paid defendant that amount within ten days, defendant was to provide plaintiff with a certificate of redemption; however, if plaintiff failed to do so, defendant was to return plaintiff's checks totaling $54,896.45 and submit for entry a judgment declaring defendant to be the fee owner of the property. Plaintiff failed to pay, and judgment for defendant was entered.

On appeal, plaintiff argues that the trial court erred in declaring that defendant had the right to require plaintiff to reimburse it for monies expended in extinguishing the construction liens because the foreclosure by advertisement statute does not provide for such payment.

The statute, MCL 600.3240(2); MSA 27A.3240(2), provides in pertinent part:

> If the purchaser [at a foreclosure sale] pays any sum or sums as taxes assessed against the property or premiums upon any insurance policy covering any buildings located on the property which under the terms of the mortgage it would have been the duty of the mortgagor to have paid had the mortgage not been foreclosed, and which premiums are necessary to keep the policy in force until the expiration of the period of redemption, and the purchaser . . . makes an affidavit of the payment showing the amount and items paid, together with the receipt evidencing the payment of the taxes or insurance premiums, together with an affidavit of an insurance agent[,] . . . redemption shall only be made upon payment of the sum above specified plus the amount shown by the affidavits and receipts to have been so paid, with interest on that amount, from the date of the payment to the date of redemption, at the rate specified in the mortgage.

The gist of plaintiff's argument is that the statute allows the purchaser to recover monies paid for taxes and insurance, but makes no mention of costs incurred in paying off senior liens; therefore, under the statute, defendant may not require plaintiff to pay such costs as part of her redemption payment.

As presently codified, MCL 600.3240(2); MSA 27A.3240(2) does not provide for mortgagees to recover from mortgagors expenses such as those incurred by defendant in extinguishing senior liens on the property. The language of the statute is clear and unambiguous in identifying only taxes and insurance premiums as the costs that can be recovered by the mortgagee.

However, defendant is entitled to an equitable

lien on the property. In *Wallace v McBride,* 70 Mich 596, 600-601; 38 NW 592 (1888), the Court stated:

> [S]tanding in this case is not upon the redemption, as of one who had a right to redeem. His rights are based entirely upon the fact that he paid $1,029.78 for the benefit of [the defendant mortgagee]. If he had not paid it, [the defendant mortgagee], or some one in his behalf, must have paid it, or lost the land. By this payment the premises were saved to [the defendant mortgagee], and it matters not what the *animus* of [the plaintiff] was,—the result was, nevertheless, a benefit to [the defendant mortgagee] for the amount paid. It was so much money paid for the use and benefit of [the defendant mortgagee], and in equity it was the duty of [the defendant mortgagee] to refund it to him.

In *Powers v Golden Lumber Co,* 43 Mich 468, 471; 5 NW 656 (1880), the Court stated:

> While a sale on statutory foreclosure satisfies the debt secured by the foreclosed mortgage to the extent of the proceeds of the sale, and thus far releases the personal obligation, yet any party redeeming gets such an interest in the land as is necessary to protect him. And if he is a subsequent encumbrancer, who has advanced the money to protect his security, the redemption creates no merger of liens, but those who stand later in the order of title or security must pay the redemption money which he advances for the benefit of their titles, as well as his mortgage which made the advance necessary. These two claims are separate and distinct, and paying one cannot, in good sense or reason, have any effect to release the other.

By redeeming, defendant has preserved not only its interest, but also that of plaintiff. In addition,

by extinguishing the construction liens, the property's value has in essence been increased by $14,037.05. To allow plaintiff to redeem the property without compensating defendant for such an expenditure would be inequitable to defendant.

Because defendant did not file a lien on the property, but is entitled to an equitable lien, plaintiff's slander of title claim is without merit.

Affirmed.